**Michael WEATHERFORD, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

**No. 79S02–9308–PC–955.**

Supreme Court of Indiana.

Aug. 31, 1993.

Rehearing Denied Oct. 25, 1993.

Susan K. Carpenter, Public Defender, Ruth Johnson, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Michael J. Weatherford filed a petition for post-conviction relief challenging the 1979 determination that he was an habitual criminal. The Court of Appeals held that Weatherford was entitled to relief because the transcript of his original trial did not contain evidence demonstrating the date on which one of Weatherford's prior felonies was committed. This holding wrongly allocates the burden of proof in post-conviction proceedings. Accordingly, we grant the State's petition to transfer and vacate the decision of the Court of Appeals.

### Case History

This appeal is Weatherford's fourth challenge to his conviction for dealing in a controlled substance and being an habitual criminal. His direct appeal and his first petition for post-conviction relief were dismissed after Weatherford absconded while free on bond. His second petition for post-conviction relief was summarily denied by the Tippecanoe Circuit Court, and we affirmed the denial. *Weatherford v. State* (1987), Ind., 512 N.E.2d 862. His third petition was also denied. A divided Court of Appeals reversed. *Weatherford v. State* (1992), Ind.App., 597 N.E.2d 17.

### Burdens in Post–Conviction Relief

■ The post-conviction procedures established by this Court do not afford the convicted an opportunity for a "super appeal." Rather, they create a narrower remedy for subsequent collateral challenges to convictions, challenges which

must be based on grounds enumerated in the post-conviction rules. Issues which were or could have been raised on direct appeal are not available for review in post-conviction. *Brown v. State* (1974), 261 Ind. 619, 308 N.E.2d 699.

■ Under the post-conviction rules, the petitioner bears the burden of establishing his grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1, § 5. In reviewing the judgment of a post-conviction court, appellate courts consider only the evidence and reasonable inferences supporting its judgment. The post-conviction court is the sole judge of the evidence and the credibility of the witnesses. To prevail on appeal from denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court. *Williams v. State* (1987), Ind., 508 N.E.2d 1264.

■ Our cases involving habitual offender determinations reflect the differences between issues raised on direct appeal and issues raised in post-conviction proceedings. Typically, these cases have focused on the evidence demonstrating an appropriate order of events. Weatherford was found to be an "habitual criminal" under Ind.Code § 35–8–8–1. Though that statute merely required that a defendant had been "twice convicted, sentenced, and imprisoned in some penal institution for a felony," this Court understood the law as requiring the State to prove that the defendant had been imprisoned upon the first sentence prior to the commission of the second offense and that he had been imprisoned upon conviction of the second offense before he committed the principal crime. *Cooper v. State* (1972), 259 Ind. 107, 284 N.E.2d 799. The 1977 habitual offender statute, Ind.Code § 35–50–2–8(b), does not mention imprisonment but is otherwise substantially similar in form. We have continued to require proof showing that commission/conviction/sentence for each of the offenses occurred seriatim. *Miller v. State* (1981), 275 Ind. 454, 417 N.E.2d 339.

When reviewing habitual offender cases on direct appeal, we have regarded issues involving improper sequence or inadequate proof as "fundamental error" which warrants vacating the habitual offender adjudication. *See, e.g., Steelman v. State* (1985), Ind., 486 N.E.2d 523. The rule in post-conviction cases has been somewhat different, as befits the differing functions of direct appeal and post-conviction relief. *Accord Parke v. Raley,* — U.S. ——, 113 S.Ct. 1068, 122 L.Ed.2d 372 (1992) (differing burdens of proof upheld against due process challenge). We have considered possible defects in habitual offender proofs as "fundamental error" such that they may be raised notwithstanding failure to do so on direct appeal. *Williams v. State* (1988), Ind., 525 N.E.2d 1238. Where we have granted relief, however, the evidence has demonstrated that the commission/conviction/sentencing were not in the proper order. In *Williams,* for example, the evidence plainly showed that Williams had committed his first offense, then committed his second offense, then been convicted for his first offense. These events were thus clearly not in the proper sequence, and we ordered the habitual offender enhancement vacated. *Williams,* 525 N.E.2d at 1241.

### *Weatherford's Proof*

■ Weatherford was found an habitual offender based on these prior convictions: a 1960 burglary conviction, three 1965 burglary convictions, and a 1971 federal firearms conviction. His challenge in this proceeding rests on the failure of the State to demonstrate during his trial the date he committed the federal offense.

If this were a direct appeal, Weatherford's challenge to the adequacy of the evidence supporting the habitual offender adjudication would be entertained and resolved based on this omission, and possibly on the interesting question of the role of the firearms conviction as "surplusage" in the habitual offender scheme. Because Weatherford is before us on post-conviction relief, however, he may not prevail simply by putting the State to its proof as though the case were being tried or appealed in the

first instance. Instead, Weatherford must demonstrate that he was not an habitual offender under the laws of the state. As in *Williams*, Weatherford must demonstrate that his various convictions did not in fact occur in the required order. The evidence before the post-conviction court was hardly inconsistent with its denial of Weatherford's petition. Accordingly, we affirm the trial court.

GIVAN, DICKSON and KRAHULIK, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

The claim that the evidence of guilt was insufficient to convict is available to the petitioner in a post-conviction proceeding under Ind. Post–Conviction Rule 1(a)(1). *Dodson v. State* (1987), Ind., 502 N.E.2d 1333, *McKinley v. State* (1969), 253 Ind. 187, 252 N.E.2d 420, *Green v. State* (1988), Ind.App., 525 N.E.2d 1260. It is likewise available in federal habeas corpus. 28 U.S.C. § 2254(d)(8) (1977). Appellant's claim that the evidence of his habitual offender status was insufficient should receive the same treatment as a claim that the evidence of guilt was insufficient. Because the majority holds otherwise, I dissent.

The commands of past and present habitual offender statutes are exceptional in their severity. In recognition of this severity the legislature requires habitual offender status to be pleaded like an outright criminal charge, that proof be made beyond a reasonable doubt, and that the right to trial by jury be afforded. I.C. § 35–50–2–8. The policy gives the accused the same protection from misuse of the trial process of determining habitual offender status that are afforded in the trial process of determining guilt. It even sanctions exercise of the jury nullification power. Ind. Const. art. I, § 19; *Clark v. State* (1990), Ind., 561 N.E.2d 759.

At the direct appeal level, the burden is upon the defendant when challenging the sufficiency of evidence to convict as well as when challenging the sufficiency of evidence of habitual offender status. The appellate standard for judging the sufficiency of the evidence is in each instance the same. Either appellate claim will be sustained if the record discloses insufficient proof. The defendant who appeals either matter need not show factual innocence to succeed.

According to the view expressed in the majority opinion, these same two sufficiency of evidence claims will not be treated the same when reaching the post-conviction level. The post-conviction petitioner challenging the sufficiency of evidence of guilt must show that the evidence in the record supporting the determination of guilt lacked that probative value that would warrant a reasonable trier of fact to infer guilt beyond a reasonable doubt. Such a petitioner need not show innocence. However, the majority holds that the post-conviction petitioner challenging the sufficiency of evidence of habitual offender status must show that he is innocent of the charge of that status. As a general proposition, I find no convincing reason for this departure from the policy of equality of protection when the challenge to the evidence of habitual offender status reaches the post-conviction level.

In the present claim there are grounds to grant post-conviction relief, despite the sufficient proof of the 1960 and 1965 convictions. The verdict is a general one. The probability is very high that the jury chose to reject the 1960 conviction, then improperly deduced the commission date of the federal crime without a sufficient evidentiary basis, and then relied upon the 1975 conviction for that crime in conjunction with the 1965 conviction in determining habitual status in 1978. As Judge Robertson pointed out, appellant's 1960 conviction for accessory to second degree burglary occurred when appellant was sixteen. It was remote, of only moderate seriousness, and committed in youth. Clearly, the 1975 federal conviction without proof of commission date could not serve as the basis for an enhanced sentence. *Steelman v. State* (1985), Ind., 486 N.E.2d 523. Even if the

jury had not totally depreciated the 1960 conviction, the state has surely benefitted from alleging the third federal conviction, maintaining it throughout, and then negligently failing to make sufficient proof of it. I would reverse the judgment of the trial court. Since the evidence as a whole would be sufficient, I would remand with instructions to grant a new habitual offender sentencing hearing. *Lockhart v. Nelson,* 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988).