Gary **LINGLER**, Appellant–Petitioner,

v.

**STATE of Indiana, Appellee–Respondent.**

No. 55A01–9311–PC–358.

Court of Appeals of Indiana,
First District.

Sept. 12, 1994.

Susan K. Carpenter, Public Defender of Indiana and Anne–Marie Alward, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Atty. Gen. of Indiana and Dana A. Childress–Jones, Deputy Atty. Gen., Indianapolis, for appellee.

**OPINION ON REHEARING**

NAJAM, Judge.

In his petition for rehearing, Lingler asserts that we erred in our opinion when we relied upon *Jackson v. State* (1991), Ind., 575 N.E.2d 617, and found no error in the attempted murder instruction given at his trial. *See Lingler v. State* (1994), Ind.App., 635 N.E.2d 1102, 1105. Neither Lingler nor the State cited *Jackson* in their original briefs on appeal. However, Lingler now contends that *Jackson* does not stand for the proposition that an instruction which informs the jury that the defendant was "attempting to kill" the victim is sufficient to inform the jury the defendant "intended to kill" the victim. *See id.* at 621. According to Lingler, "the 'elements' instruction read to the jury made no reference to the requirement that the accused must have taken a substantial step towards the commission of the crime nor to the requirement that the substantial step must be taken with the specific intent to kill." Brief in Support of Petition for Rehearing at 1. We disagree.

We acknowledge that in reviewing the attempted murder instruction in *Jackson*, our supreme court was deciding whether giving that instruction constituted fundamental error. *Id.* The defendant in *Jackson* did not object to the attempted murder instruction nor did he tender a proper instruction which was refused. *Id.* at 620. The court held that had such an objection and tender of a proper instruction been made, "reversible error *may have followed.*" *Id.* (emphasis added). Here, Lingler did not object to the attempted murder instruction given in his case, and he did not tender a proper instruction which the trial court then refused. Accordingly, as in *Jackson*, we must determine whether Lingler's attempted murder instruc-

tion was fundamental error which requires reversal. *See id.* at 620–21.

■ We conclude, as we did in our opinion, that the analysis in *Jackson* applies here and controls. *See Lingler,* 635 N.E.2d at 1104. In this case, the jury was instructed that the State was required to prove Lingler knowingly "attempted to kill" the victim. In finding that Lingler attempted to kill the victim when he bound her and threw her off of a bridge into the icy waters below, "it was logically necessary for the jury to find that he intended to kill" the victim. *See Jackson,* 575 N.E.2d at 621. " '[B]y definition, there can be no 'attempt' to perform an act unless there is a simultaneous 'intent' to accomplish such act.' " *Id.* (quoting *Spradlin v. State* (1991), Ind., 569 N.E.2d 948, 951). Substitution of "attempted to kill" for "intended to kill" did not result in significant potential for harm to Lingler and, thus, was not fundamental error. *See id.*

We disagree with Lingler's contention on rehearing that the "instruction at bar most resembles the elements instruction given in *R. Jackson v. State* (1989), Ind., 544 N.E.2d 853, and found fundamentally defective in that case." Brief in Support of Petition for Rehearing at 5. There, the court held that although the instruction did use the language "knowingly attempted to kill," it did not adequately inform the jury of the elements of attempted murder because it failed to state that the defendant must take "*a substantial step to accomplish that end.*" *Id.* at 854 (emphasis added). Thus, *R. Jackson* is distinguishable from *Jackson,* 575 N.E.2d 617, and the present case because the instruction in *R. Jackson* failed to inform the jury that an "attempt" means taking a substantial step toward commission of an offense. *See Lingler,* 635 N.E.2d at 1104 (jury instructed that attempt to commit murder is engaging in conduct "that constitutes a substantial step

toward commission of . . . murder"); *Jackson,* 575 N.E.2d at 620 (same).

An instruction which states the defendant was "attempting to kill" the victim sufficiently conveys the State's burden of proving the defendant's specific intent to kill. *See Woodcox v. State* (1992), Ind., 591 N.E.2d 1019, 1023. Such an instruction, like the one here, is imperfect but not fundamentally erroneous. *See Brown v. State* (1992), Ind.App., 587 N.E.2d 693, 696 (discussing *Jackson,* 575 N.E.2d 617). The jury in Lingler's trial was adequately informed of all of the elements of attempted murder.[1]

■ Our conclusion that fundamental error did not occur is supported by an additional consideration. Lingler, unlike the defendants in *Jackson, Spradlin* and *R. Jackson,* brings this appeal from the denial of his petition for post-conviction relief. Therefore, Lingler bears the burden of proving that fundamental error occurred. *See* Ind. Post Conviction Rule 1, § 5. If this were a direct appeal, the State would be required to prove that any deficiencies in Lingler's attempted murder instruction did not result in fundamental error. *Cf. Weatherford v. State* (1993), Ind., 619 N.E.2d 915, 918 (recognizing shift in burden of proving error from State in direct appeal to defendant in post-conviction appeal). Lingler has not met his burden of demonstrating fundamental error in his attempted murder instruction which requires reversal.

The petition for rehearing in all respects is denied.

ROBERTSON and BAKER, JJ., concur.

---

1. Contrary to Lingler's assertion, in Final Instruction No. 6 the jury was informed that in order to prove attempted murder, a defendant must take a substantial step toward the commission of murder. *See Lingler,* 635 N.E.2d at 1104; Trial Record at 388. Thus, the jury was properly instructed concerning the requisite actus reus of attempted murder. Later in this same instruction, the court purported to set forth the specific elements of attempted murder, although the "elements" portion of the instruction did not repeat the "substantial step" language. We do not read *Spradlin* to require that the court repeat every element of attempted murder in an "elements instruction" after having already advised the jury in the same instruction of the element in question. *See Spradlin,* 569 N.E.2d at 950.