Gary LINGLER, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 55S01–9412–PC–1221.

Supreme Court of Indiana.

Dec. 16, 1994.

Susan K. Carpenter, Public Defender of Indiana and Anne–Marie Alward, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Attorney General of Indiana and Dana A. Childress–Jones, Deputy Atty. Gen., Indianapolis, for appellee.

## ON PETITION TO TRANSFER

SHEPARD, Chief Justice.

■ Gary Lingler sought post-conviction relief following his seven felony convictions and a verdict that he was a habitual offender. The trial court denied his petition. We grant transfer to consider whether Lingler can obtain relief from the habitual offender finding without demonstrating that the prior convictions on which it was based do not meet the requirements of the statute. We conclude that our decision in *Weatherford v. State* (1993), Ind., 619 N.E.2d 915, means he cannot obtain relief without so demonstrating.

Lingler and two confederates abducted a young woman from the parking lot of her apartment complex at knifepoint, placed her in their vehicle, threatened her with a gun and repeatedly raped her. When they were finished, they tied her hands and threw her off a bridge into icy water in the dead of winter. A jury found Lingler guilty of two counts of rape, criminal deviate conduct while armed with a deadly weapon, criminal confinement, and attempted murder, among other things. We affirmed these convictions on direct appeal. *Johnson v. State* (1985), Ind., 472 N.E.2d 892.

Lingler's status as an habitual offender was based on three prior convictions: a robbery conviction in 1976, a conviction for committing a felony while armed in 1976, and theft in 1981. Lingler complains that the record of his trial does not reflect the date on which he committed the theft. Thus, he says, the record does not demonstrate that he was imprisoned for his first crimes prior to committing the theft and that he had been imprisoned for the theft before he committed the principal crime. This sequencing requirement has been imposed by this Court under the present habitual offender law and earlier versions, at least since *Cooper v. State* (1972), 259 Ind. 107, 284 N.E.2d 799.

■ As we explained in *Weatherford*, the purpose of post-conviction relief is not simply to relitigate claims that might have been litigated on direct appeal. Accordingly, a petitioner who seeks to raise an issue which might have been raised on direct appeal is commonly put to a tougher standard of proof that he would have been had the issue been raised earlier. This more difficult standard is consistent with due process. *Accord Parke v. Raley,* — U.S. —, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992) (differing burdens of proof upheld against due process challenge).

■ Lingler has not presented any evidence at all indicating that the prior convictions on which his habitual offender status is based are out of sequence. Called upon to provide evidence that his theft was committed before the first convictions were entered (proof which would entitle him to relief), he has not done so. The Court of Appeals thus rightly rejected his claims that the trial court erred on these grounds, 635 N.E.2d 1102.

■ The Court of Appeals did conclude, however, that Lingler was entitled to relief from his habitual finding because Lingler couched his claim in terms of ineffective assistance of counsel. Had my lawyer brought this claim earlier, he says, I would have prevailed.

This redesigning of the claim will not wash. The post-conviction process is open to prisoners to correct injustice in convictions. Lingler has not shown that there is anything unjust or untrue about the verdict that he is an habitual offender. We will not allow him to end run the decision in *Weatherford* by putting a new label on it. The trial court was correct to refuse him relief on the habitual offender finding.

With respect to the other issues raised by Lingler, the Court of Appeals correctly decided each, and we summarily affirm their opinion on those issues. Ind. Appellate Rule 11(B)(3).

The trial court is affirmed.

GIVAN, DICKSON and SULLIVAN, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

State and federal due process demand proof of guilt beyond a reasonable doubt, and the Indiana General Assembly adds that proof of habitual offender status must likewise satisfy the same highest of all evidentiary standards. Ind.Code Ann. § 35–50–2–8 (Burns.Supp.1982). The claim of insufficient proof of habitual offender status cannot be procedurally defaulted at trial. Ind.Trial Rule 50(A)(5). However, under new state law, and contrary to the view held by the author of this opinion, it may, unlike the claim of insufficient proof of guilt, be procedurally defaulted on appeal. *Weatherford v. State* (1993), Ind., 619 N.E.2d 915 (DeBruler, J., dissenting). Such a procedural default on appeal does not now result in a bar in post-conviction proceedings, but does result in a heightened burden. *Id.* The question of whether such a procedural default demonstrates ineffective counsel at the habitual offender sentencing stage is a federal one governed by the Sixth Amendment, and not by its impact upon this court's default rule erected by the *Weatherford* case. I agree with Judge Najam writing for the First District in this case, *Lingler v. State* (1994), Ind.App., 640 N.E.2d 392, that the failure of appellate counsel to challenge the state's

proof of habitual offender status, meets the criteria for ineffective assistance, i.e. (1) deficient performance and (2) prejudice. *Lockhart v. Fretwell,* 506 U.S. ——, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). If the single claim of insufficient proof of habitual offender status had been made on appeal, reversal of the habitual offender determination would have been ordered.