## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

Tracy A. Nelson
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Julian D. Grady,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

February 28, 2018

Court of Appeals Case No.
02A03-1708-PC-1962

Appeal from the Allen Superior Court

The Honorable Frances C. Gull, Judge

Trial Court Cause No.
02D05-1212-PC-218

**Baker, Judge.**

[1] Julian Grady appeals from the denial of his petition for post-conviction relief, arguing that the post-conviction court erroneously determined that he did not receive the ineffective assistance of appellate counsel. Finding no error, we affirm.

## Facts

[2] The underlying facts of this case were summarized by this Court in Grady's direct appeal as follows:

> On November 22, 2008, Benjamin Busbee, Angela Day, and Andrea Simon were in a store named "Twenty Past Four" in Fort Wayne, Indiana. Busbee and Day were at the store to assist Simon, Busbee's mother, who managed the store. Shortly thereafter, Grady and another male entered the store with firearms and proceeded to rob the store. Grady was "much taller" than the other perpetrator and wore a mask. Nonetheless, the mask did not cover his entire face, exposing his "main features," including his mouth, nose, and eyes. Both men jumped on the counter and ordered Busbee, Day, and Simon to get on the floor. While Day and Simon kneeled down, Busbee lay on his back side looking at Grady. Grady ordered Busbee to stop when he saw that Busbee was looking at him. Grady emptied the cash register while the other perpetrator rummaged around looking for the safe. Both men left through the rear door, and police were notified.

*Grady v. State*, No. 02A04-1004-CR-210, at *1 (Ind. Ct. App. Aug. 6, 2010) (internal citations omitted). On February 4, 2009, the State charged Grady with Class B felony robbery, Class D felony pointing a firearm, and Class D felony criminal recklessness. Following a jury trial, the jury found Grady guilty as

charged. On November 13, 2009, the trial court sentenced Grady to consecutive terms of ten years for robbery and one and one-half years for pointing a firearm; the trial court vacated the criminal recklessness conviction based on double jeopardy concerns. Grady appealed the convictions, raising only one argument, which related to the victims' photo array identification of Grady. This Court affirmed. *Id.*

[3] On December 6, 2012, Grady filed a petition for post-conviction relief, arguing, among other things, that he received the ineffective assistance of appellate counsel because appellate counsel did not make a double jeopardy argument related to the robbery and pointing a firearm convictions in his direct appeal. Following an evidentiary hearing, on August 2, 2017, the post-conviction court denied Grady's petition. Grady now appeals.

# Discussion and Decision

## I. Standard of Review

[4] The general rules regarding the review of a ruling on a petition for post-conviction relief are well established:

> "The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence." *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004). "When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment." *Id.* To prevail on appeal from the denial of post-conviction relief, a petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Weatherford v.*

*State*, 619 N.E.2d 915, 917 (Ind. 1993). Further, the post-conviction court in this case made findings of fact and conclusions of law in accordance with Indiana Post–Conviction Rule 1(6). Although we do not defer to the post-conviction court's legal conclusions, "[a] post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (quotation omitted).

*Hollowell v. State*, 19 N.E.3d 263, 268-69 (Ind. 2014).

[5] Grady's sole argument on appeal is that the post-conviction court erroneously determined that he did not receive the ineffective assistance of appellate counsel. To establish ineffective assistance of appellate counsel, the petitioner must show that (1) appellate counsel was deficient in his or her performance, *and* (2) the deficiency resulted in prejudice. *Id.* at 269. Failure to satisfy either prong will cause the claim to fail. *Henley v. State*, 881 N.E.2d 639, 644 (Ind. 2008). To satisfy the second prong, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.*

## II. Assistance of Appellate Counsel

[6] Grady argues that his appellate counsel was ineffective because counsel did not argue in the direct appeal that Grady's convictions for robbery and pointing a firearm violate the prohibition against double jeopardy. Indiana's double jeopardy clause was intended to prevent the State from being able to proceed against a person twice for the same criminal transgression. *Wharton v. State*, 42

N.E.3d 539, 541 (Ind. Ct. App. 2015). Our Supreme Court has held that two or more offenses are the "same offense," in violation of our Constitution's double jeopardy clause, "if, with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999) (emphases original).

[7]     Here, Grady argues that his convictions violate the actual evidence test. Under that test, the "actual evidence presented at trial is examined to determine whether each challenged offense was established by separate and distinct facts." *Id.* at 53. To establish a double jeopardy violation under this test, the defendant "must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." *Id.* Grady contends, essentially, that because Simon is the listed victim in the robbery charge and is also one of the possible victims in the pointing a firearm charge, there is a reasonable possibility that the jury used the same evidentiary facts to establish the essential elements of both charges.

[8]     To convict Grady of Class D felony pointing a firearm, the State was required to prove beyond a reasonable doubt that he knowingly or intentionally pointed a firearm at Simon, Busbee, and/or Day. Ind. Code § 35-47-4-3(b) (2009); *see also* Appellant's Direct Appeal App. p. 14 (charging information). Busbee testified that when Grady walked into the store, Busbee could see an AK-47

assault rifle in Grady's jacket. Trial Tr. p. 90. Grady pulled the weapon from his jacket, pointed it directly at Busbee, and demanded that he and Day, who was standing next to Busbee, get on the floor. *Id.* at 90, 132. Simon then entered the room, at which point Grady pointed the gun at her and ordered her to get onto the floor. *Id.* at 91, 156, 158-59. Simon agreed that there were "guns pointed at everybody in that room . . . ." *Id.* at 170. Regardless of which person the jury found was the victim of this offense, the offense was complete before the robbery occurred.

[9] To convict Grady of Class B felony robbery, the State was required to prove beyond a reasonable doubt that he (1) knowingly or intentionally took property from Simon (2) by using or threatening the use of force on any person or by putting any person in fear, (3) while armed with a deadly weapon. Ind. Code § 35-42-5-1 (2008); *see also* Appellant's Direct Appeal App. p. 12 (charging information). After Grady ordered Busbee, Day, and Simon to get on the floor, he took money from the cash register and from Simon's wallet while armed with a deadly weapon. To convict Grady of this offense, the State was *not* required to prove that he pointed a gun at Simon; instead, it needed to prove only that he was armed with a deadly weapon and put Simon, Busbee, or Day in fear.[1] In other words, he committed two separate acts with the weapon: (1)

---

[1] Simon testified that she was "scared for [her] life" during the encounter, trial tr. p. 163, Busbee testified that he felt "scared" and "threatened," *id.* at 92, and Day testified that she was "very" scared, *id.* at 134.

he pointed it at Simon, Busbee, and/or Day; and (2) he was armed with it while robbing Simon.

[10] Therefore, even if the jury found that Simon was the victim of the pointing a firearm offense, it would not have used that same evidence to convict Grady of robbing Simon. We see no reasonable possibility that the jury used the same evidentiary facts to convict Grady of both offenses. Under these circumstances, even if Grady's appellate counsel had raised this issue in his direct appeal, the argument would not have been successful and the result of the appeal would not have been different. Consequently, the post-conviction court did not err by finding that Grady did not receive the ineffective assistance of appellate counsel or by denying Grady's petition for post-conviction relief.

[11] The judgment of the post-conviction court is affirmed.

Riley, J., and Brown, J., concur.