## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 22 2018, 10:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Robert Eric Posey<br>New Castle, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana |
| | Michael Gene Worden<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert Eric Posey,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent* | August 22, 2018<br><br>Court of Appeals Case No.<br>84A05-1711-PC-2808<br><br>Appeal from the Vigo Superior Court<br><br>The Honorable Michael R. Rader, Judge<br><br>Trial Court Cause No.<br>84D05-1412-PC-3168 |

**Baker, Judge.**

[1] Robert Posey appeals the denial of his petition for post-conviction relief, arguing that the post-conviction court erroneously determined that he did not receive the ineffective assistance of trial counsel. Finding no error, we affirm.

## Facts

[2] The underlying facts of this case, as recounted by this Court in Posey's direct appeal, are as follows:

> At the time relevant to this appeal, Posey attended a church in Terre Haute, Indiana, and drove parishioners to and from church using a van owned by the church. On June 17, 2009, Posey drove thirteen-year-old K.F. and her family to and from the church. On the drive home, Posey told K.F. that there was an activity planned for teens at the church the following day and that she should call him if she wanted to attend. The following day, K.F. obtained her father's permission to attend the church event and called Posey to ask for a ride to the church.

> . . . Posey drove his personal vehicle to K.F.'s house to pick her up. When K.F. got in Posey's vehicle, he did not take her to the church, but instead drove her to a horse stable. When K.F. asked why Posey had not driven to the church, he explained that he needed to pick up some items from his home. Posey then drove to his home. When Posey went inside, K.F stood at the door to wait for him. Posey then invited K.F. inside while he obtained the items he needed. Posey told K.F. to sit on the couch and play a video game while he was busy. Posey soon joined K.F. on the couch and showed her how to play the video game. As he did, he put his arm around the girl and began to kiss her. Posey then pulled K.F. close to him and took her into his bedroom.

> In the bedroom, K.F. attempted to run away, but tripped and fell onto the bed. Posey got on top of K.F. and removed his and

K.F.'s clothing. Posey then briefly left the bedroom and went down the hallway to retrieve something, which K.F. thought was a condom. When he returned to the bedroom, he stopped K.F. from putting her clothes back on and began kissing her on her body, including her breasts and genital area. Posey then put a condom on and had sexual intercourse with K.F. while she physically resisted him. When Posey was finished, he gave K.F. a towel and told her to clean herself. K.F., who was in pain and bleeding from her vagina, ran into the bathroom and put her clothes back on. Posey then drove K.F. back home and told her not to tell anyone about what he had done to her.

When K.F. got home, she took a bath, placed her clothes in the washer, and fell asleep. K.F. eventually told one of her friends what had happened, and that friend telephoned K.F.'s father and told him that he needed to speak with K.F. When her father questioned her, K.F. told him what had happened. K.F.'s father then consulted his parents and his ex-wife, K.F.'s mother. At one point, Posey called K.F.'s father and asked him not to bring criminal charges. The following morning, K.F.'s father took her to the hospital. After speaking with K.F. and her father, a nurse at the hospital contacted the police. The police then spoke with K.F. and her father and collected K.F.'s clothing. After obtaining a warrant to search Posey's home, the police took a towel, the bed sheets, and a comforter from Posey's home. The police also obtained blood samples from both K.F. and Posey.

*Posey v. State*, No. 84A01-1103-CR-97, at *1 (Ind. Ct. App. Dec. 13, 2011). The State charged Posey with Class A felony child molesting; on December 2, 2010, a jury found Posey guilty as charged. The trial court subsequently sentenced Posey to thirty-five years imprisonment. Posey brought a direct appeal, arguing that the trial court erred in admitting certain evidence and in denying Posey's motion for a mistrial. This Court affirmed. *Id.* at *5.

On December 17, 2014, Posey filed a petition for post-conviction relief. He later amended the petition, arguing that he received the ineffective assistance of trial counsel. The post-conviction court held an evidentiary hearing on Posey's petition on August 8, 2017. On November 6, 2017, the post-conviction court denied Posey's petition. Posey now appeals.

## Discussion and Decision

The general rules regarding the review of a ruling on a petition for post-conviction relief are well established:

> "The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence." *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004). "When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment." *Id.* To prevail on appeal from the denial of post-conviction relief, a petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind. 1993). Further, the post-conviction court in this case made findings of fact and conclusions of law in accordance with Indiana Post–Conviction Rule 1(6). Although we do not defer to the post-conviction court's legal conclusions, "[a] post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (quotation omitted).

*Hollowell v. State*, 19 N.E.3d 263, 268-69 (Ind. 2014).

[5] Posey's sole argument on appeal is that his trial counsel was ineffective, though he raises multiple reasons for the alleged ineffectiveness. A claim of ineffective assistance of trial counsel requires a showing that: (1) counsel's performance was deficient by falling below an objective standard of reasonableness based on prevailing professional norms; and (2) counsel's performance prejudiced the defendant such that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Davidson v. State*, 763 N.E.2d 441, 444 (Ind. 2002) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "A reasonable probability arises when there is a 'probability sufficient to undermine confidence in the outcome.'" *Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006) (quoting *Strickland*, 466 U.S. at 694). "Failure to satisfy either of the two prongs will cause the claim to fail." *Gulzar v. State*, 971 N.E.2d 1258, 1261 (Ind. Ct. App. 2012).

[6] Posey's primary allegation of ineffectiveness centers around an argument that trial counsel failed to investigate the chain of custody for the physical items that were collected and used to obtain DNA evidence. At the post-conviction hearing, trial counsel testified that although after seven years, he could no longer recall the specifics of his work on Posey's case, he did conduct an investigation in this case. Tr. Vol. II p. 13, 15-16, 18-20. Furthermore, counsel testified that he always investigates the chain of custody of evidence and that he found no cause for objecting to chain of custody here. *Id.* Additionally, the testimony of one of the crime scene investigators at the post-conviction hearing refutes any claim that there was an improper chain of custody or any tampering

with the physical evidence collected in this case. *Id.* at 52-73. Given this record, we find that the post-conviction court did not err by determining that Posey did not meet his burden of showing that counsel's performance fell below an objective standard of reasonableness.

[7] Furthermore, K.F., the victim, testified at Posey's trial. Her testimony, alone, would have been sufficient to support Posey's conviction. *E.g.*, *Greenboam v. State*, 766 N.E.2d 1247, 1257 (Ind. Ct. App. 2002) (noting that a "victim's testimony, even if uncorroborated, is ordinarily sufficient to sustain a conviction for child molesting"). As such, Posey cannot show that he was prejudiced by anything related to the DNA evidence linking him to the crime. Therefore, the post-conviction court did not err by finding that Posey did not receive the ineffective assistance of trial counsel.

[8] Posey's remaining arguments, to the extent we are able to discern what they are, appear to be as follows: (1) counsel colluded with the prosecution and the police in manufacturing evidence; (2) counsel should have realized that certain witnesses in this case manufactured DNA evidence or committed perjury; and (3) counsel should have called the physician who performed the victim's pelvic exam to testify. With respect to the first two assertions, there is no evidence whatsoever that remotely tends to support these claims. With respect to the third, Posey did not call the physician as a witness at the post-conviction hearing, so we have no way of knowing what the content of the testimony would have been. Therefore, the post-conviction court did not err by finding

that Posey did not receive the ineffective assistance of trial counsel for any of these reasons.[1]

[9]     The judgment of the post-conviction court is affirmed.

May, J., and Robb, J., concur.

_____

[1] Posey also attempts to raise a claim that fundamental error occurred in his trial, but this claim is not available in a post-conviction proceeding. *Taylor v. State*, 882 N.E.2d 777, 781 (Ind. Ct. App. 2008). Posey also references the use of an alleged evidentiary harpoon by the prosecutor, but this claim was argued and decided adversely to Posey in his direct appeal. *Posey*, at *2-3. Therefore, the issue is not available for review in this proceeding.