## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

C. Brent Martin
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Derrick Weedman,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

January 23, 2019

Court of Appeals Case No. 18A-PC-2144

Appeal from the Wells Circuit Court

The Honorable Kenton W. Kiracofe, Judge

Trial Court Cause No. 90C01-1603-PC-6

**Baker, Judge.**

[1] Derrick Weedman appeals the post-conviction court's denial of his petition for post-conviction relief, arguing that his trial counsel provided ineffective assistance by not requesting a jury instruction containing the complete definition of self-defense. Finding no error, we affirm.

# Facts

[2] On June 20, 2012, a physical altercation broke out between Weedman and his step-father, Ted Schlichter, at their home. Weedman testified that Schlichter was the initial aggressor. Appellant's App. Vol. II p. 104. According to Weedman, Schlichter "twisted [Weedman's] pinkie tearing the tendon, then threw a punch at him." *Id*. Weedman allegedly "feared for his life" if he were to get hit because he had a metal plate in his head from a prior severe head injury. *Id*. Weedman claimed that after Schlichter tackled him to the ground, Weedman hit back at Schlichter a few times to get him off.

[3] After the fight concluded, Schlichter's wife found Schlichter lying on the living room floor, bleeding heavily from his head. She placed a towel under his head and called 911. During this time, Weedman waited in the kitchen. The paramedics arrived and took Schlichter to the hospital.

[4] Later medical examinations revealed that Schlichter had between eleven and twelve bones broken in his face and that his face had been flattened and shoved into the back of his skull. Additionally, Schlichter suffered neurological damage as a result of severe blunt-force trauma that rendered him unable to remember

what happened during the incident. As such, Weedman was the sole eye-witness to the altercation. Schlichter's eyesight, memory, and facial structure have been permanently damaged because of Weedman's actions. One of Schlichter's treating physicians testified that Schlichter's injuries could not have been caused by just two blows to the head. *Id.* at 124.

On July 23, 2012, the State charged Weedman with one count of Class B felony aggravated battery. At the jury trial in August 2013, Weedman claimed that he acted in self-defense. Therefore, Weedman's trial counsel requested a self-defense jury instruction. The trial court prepared the following instruction:

Final Instruction No. 12:

It is an issue whether the Defendant acted in self-defense.

A person may use reasonable force against another person to protect himself from what the Defendant reasonably believes to be the imminent use of unlawful force.

However, a person my [sic] not use force if:

He provokes a fight with another person with intent to cause bodily injury to that person; or he has willingly entered into a fight with another person or started the fight, unless he withdraws from the fight and communicates to the other person his intent to withdraw and the other person nevertheless continues or threatens to continue the fight.

The State has the burden of proving beyond a reasonable doubt that the Defendant did not act in self-defense.

*Id.* at 124-25. Weedman's trial counsel neither objected to this final instruction nor requested an instruction that covered the entirety of the self-defense statute.

The jury found Weedman guilty as charged. The trial court later sentenced Weedman to twenty years imprisonment. On November 26, 2014, we affirmed Weedman's conviction. *Weedman v. State*, 21 N.E.3d 873 (Ind. Ct. App. 2014).

[6] On March 30, 2017, Weedman filed an amended petition for post-conviction relief, claiming that his trial counsel provided ineffective assistance by failing to object to the self-defense instruction or request an instruction containing the complete definition of self-defense. On August 10, 2018, the post-conviction court denied his petition. Weedman now appeals.

# Discussion and Decision

[7] Weedman appeals the denial of his petition for post-conviction relief, arguing that his trial counsel provided ineffective assistance with respect to the self-defense jury instruction.

[8] In post-conviction proceedings, the petitioner bears the burden of establishing grounds for post-conviction relief by a preponderance of the evidence. *Helton v. State*, 907 N.E.2d 1020, 1023 (Ind. 2009). A petitioner must show that the evidence unerringly and unmistakably leads to a conclusion opposite that reached by the trial court. *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind. 1993). Furthermore, we will consider only the evidence and reasonable inferences supporting the post-conviction court's judgment. *Id.*

[9] For a claim of ineffective assistance of counsel, we use a two-part test. To satisfy the first prong, the defendant must show deficient performance:

representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the "counsel" guaranteed by the Sixth Amendment. *Humphrey v. State*, 73 N.E.3d 677, 682 (Ind. 2017); *see generally Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the second prong, the defendant must show prejudice: a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's errors, the result of the proceeding would have been different. *Id*. Our Supreme Court has instructed us that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Wentz v. State*, 766 N.E.2d 351, 360 (Ind. 2002).

[10] Weedman argues that his counsel should have requested a self-defense instruction that included the section of the statute governing claims of self-defense that discusses when a person may use deadly force. That section of the statute reads as follows:

> . . . However, a person:
>
> > (1) is justified in using deadly force; and
> >
> > (2) does not have a duty to retreat;
>
> if the person reasonably believes that that force is necessary to prevent serious bodily injury to the person or a third person or the commission of a forcible felony. No person in this state shall be placed in legal jeopardy of any kind whatsoever for protecting the person or a third person by reasonable means necessary.

Ind. Code § 35-41-3-2(c). Weedman argues that the result would have been different had the jury been aware of the section regarding serious bodily injury. Specifically, he emphasizes that his defense was based on a claim that he had acted because he feared for his life.

[11] Because Weedman's counsel did not object, we must determine whether the instruction was fundamentally erroneous. To determine whether an instruction is fundamentally erroneous, we will review the record in its entirety to determine whether an honest and fair-minded jury would have rendered a guilty verdict absent use of the erroneous instruction. *Coleman v. State*, 630 N.E.2d 1376, 1378 (Ind. Ct. App. 1994). If a jury instruction is not fundamentally erroneous, then counsel is not ineffective for failing to object at trial. *Wilcoxen v. State*, 705 N.E.2d 198, 204 (Ind. Ct. App. 1999).

[12] The evidence of Weedman's guilt is overwhelming. The record shows that Schlichter suffered major injuries that will forever impair his eyesight, memory, and appearance. Weedman broke at least eleven bones in Schlichter's face and shoved his face into the back of his skull. Weedman beat Schlichter within an inch of his life even after the threat of potential harm to him subsided. One of Schlichter's treating physicians opined that it could not have been a few slight blows that caused Schlichter's injuries, despite Weedman's testimony to the contrary. There is also no indication that Weedman was under threat of serious bodily injury from Schlichter's actions. Any evidence demonstrating that Weedman was justified in using deadly force is scant. All that Weedman proffered was his own self-serving testimony that he feared being injured

because he had a metal plate in his head from a prior injury. Based on the record, we can only conclude that the jury would have rendered a guilty verdict for Weedman on a charge of aggravated battery even if the jurors had been instructed on the complete definition of self-defense. In other words, any error was harmless, and Weedman cannot show that he was prejudiced by counsel's failure to object to the instruction.

[13] Therefore, the post-conviction court did not err by denying his petition.

[14] The judgment of the post-conviction court is affirmed.

May, J., and Tavitas, J., concur.