**Miles BROWN, Appellant–Petitioner,**

**v.**

**STATE of Indiana, Appellee–Respondent.**

No. 49A05–9811–PC–535.

Court of Appeals of Indiana.

May 13, 1999.

Transfer Denied June 30, 1999.

Susan K. Carpenter, Public Defender of Indiana, Lisa Malmer, Deputy Public Defender, Indianapolis, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Janet Brown Mallett, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BAKER, J.

Appellant-petitioner Miles Brown appeals the denial of his petition for post-conviction relief. Specifically, Brown contends that he was entitled to relief because the State failed to present any evidence at the guilty plea hearing establishing the commission or sentencing dates of the two offenses which served as the underlying predicate felonies for the habitual offender determination.

## FACTS

The facts most favorable to the judgment reveal that in 1988, Brown pled guilty to rape and to being an habitual offender. At the guilty plea hearing, the State cited two felony convictions that Brown had received in 1965 and 1978 as the basis for the habitual offender count. During the guilty plea hearing, Brown admitted that he was convicted of robbery on November 19, 1965, and had been convicted of rape on August 29, 1978. However, the State did not present any evidence establishing the dates that these offenses were committed or when he was sentenced for those crimes.

On July 31, 1998, Brown petitioned for post-conviction relief, claiming that the trial court erred in accepting his guilty plea because the State failed to demonstrate a sufficient factual basis with respect to the habitual offender count. Record at 137. Specifically, Brown asserted that the factual basis for the habitual offender finding was inadequate because there was no evidence, and Brown did not admit, that he committed the subsequent unrelated felony after having been sentenced for the prior felony. R. at 138.

On August 20, 1998, Brown filed a motion for summary judgment with the post-conviction court. He asserted that there were no genuine issues of material fact in light of the lack of evidence that was necessary to establish the commission and sentencing dates of the underlying offenses regarding the habitual offender count. Thus, Brown contended that he was entitled to judgment as a matter of law because there was insufficient evidence to prove the habitual offender count. Thereafter, on October 16, 1998, the State filed proposed findings and a memorandum arguing that Brown's petition for post-conviction relief should be denied because he failed to prove that he was not an habitual offender. On October 19, 1998, the post-conviction court granted summary judgment in favor of the State and denied Brown's request for relief. Brown now appeals.

## DISCUSSION AND DECISION

### I. Standard Of Review

Under the rules of post-conviction relief, the petitioner bears the burden of

establishing the grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1, § 5; *see also Weatherford v. State*, 619 N.E.2d 915, 917 (Ind.1993). To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court. *Wilson v. State*, 707 N.E.2d 318, 320 (Ind.Ct.App.1999). We defer substantially to findings of fact but not to conclusions of law. *State v. Moore*, 678 N.E.2d 1258, 1261 (Ind.1997).

## II. Brown's Petition For Post–Conviction Relief

■ To resolve Brown's contention that he was entitled to post-conviction relief, we initially observe that our supreme court has determined that an individual who challenges the propriety of his conviction as an habitual offender may not prevail simply by putting the State to its proof as though the case were being tried or appealed in the first instance. *Weatherford*, 619 N.E.2d at 917–18. Rather, it is the petitioner's burden to demonstrate that the various convictions did not in fact occur in the required order. *Id.* at 918; *see also Lingler v. State*, 644 N.E.2d 131, 132 (Ind.1994).

■ In the instant case, we note that Brown acknowledges the rule announced in *Weatherford* which requires him to demonstrate that he was not an habitual offender. However, he asserts that *Weatherford* is inapplicable in these circumstances because he could not have known of the rule regarding such a burden at the time of his guilty plea hearing in 1988. In support of this contention, Brown directs us to *Moore v. Parke*, 148 F.3d 705 (7th Cir.1998).

In *Moore*, the petitioner had been convicted by a jury of four counts of robbery in an Indiana trial court and was also found to be an habitual offender. *Id.* at 707. Following the affirmance of his conviction by our supreme court on direct appeal,[1] Moore petitioned for post-conviction relief, alleging that the jury was misinformed of the proper sequence of prior unrelated convictions. *Id.* at

707. The trial court denied the petition and this court, in an unpublished memorandum decision, affirmed the denial of Moore's request for relief because he failed to allege his innocence in accordance with *Weatherford*. *Id.* at 707. Our supreme court subsequently denied Moore's petition for transfer. *See id.*

Thereafter, Moore petitioned for habeas corpus relief in September, 1995. *Id.* In determining Moore was entitled to challenge the habitual finding in his petition for habeas corpus, the Seventh Circuit Court of Appeals observed that Moore's procedural default in failing to comply with the requirements set forth in *Weatherford* occurred at a time when he could not have been deemed to be apprised of the rule's existence. *Id.* at 710. As a result, it was determined that the rule announced in *Weatherford* did not preclude review of his claim by the federal courts. Moore was ultimately granted habeas corpus relief for the reason that the State had failed to prove that Moore was an habitual offender. *Id.* at 711.

While Brown asserts entitlement to relief in light of *Moore*, we note marked differences with respect to the circumstances in *Moore* and those presented here. Unlike *Moore*, where a jury had determined the petitioner's status as an habitual offender, we note that Brown pled guilty to the charged offenses. In *Weatherford*, the court commented that:

> When reviewing habitual offender cases on direct appeal, we have regarded issues involving improper sequence or inadequate proof as 'fundamental error' which warrants vacating the habitual offender adjudication. *See, e.g., Steelman v. State* (1985), Ind., 486 N.E.2d 523. The rule in post-conviction cases has been somewhat different, as befits the differing functions of direct appeal and post-conviction relief. *Accord Parke v. Raley*, 506 U.S. 1087, 113 S.Ct. 1068, 122 L.Ed.2d 372 (1992) (differing burdens of proof upheld against due process challenge).

*Weatherford*, 619 N.E.2d at 917. We also observe that *Moore* addressed the issue of whether the petitioner had prior notice of the

---

**1.** *Moore v. State*, 485 N.E.2d 62 (Ind.1985).

rule set forth in *Weatherford* only for the purpose of determining whether he had committed a procedural default which would bar federal habeas corpus relief. *See Moore,* 148 F.3d at 709–10. The court made no substantive holding regarding the propriety of state courts applying *Weatherford* to defendants who pled guilty or otherwise waived an habitual offender sufficiency argument before *Weatherford* was decided.

■ Here, the record reveals that Brown admitted committing the two prior felonies that served as the basis for the habitual offender determination. R. at 212. He further acknowledged to the trial court that, in light of those prior convictions, he was an habitual offender. R. at 212. Inasmuch as Brown waived his right to a jury trial and other guaranteed constitutional rights when he entered his plea of guilty, he may not now validly claim that a constitutional violation occurred which arose from the alleged lack of a factual basis regarding his plea.[2] *See id.* Even more compelling, we note that Brown has failed to set forth any evidence demonstrating that there was anything unjust or untrue about the determination that he is an habitual offender. Specifically, Brown has not favored this court with any allegation indicating that the prior convictions on which his habitual offender status was based, were out of sequence.

Inasmuch as Brown did nothing more than to assert that the State presented insufficient evidence at the guilty plea hearing, he is not entitled to relief. *See id.* Thus, the trial court properly denied Brown's petition for post-conviction relief.

Judgment affirmed.

RUCKER, J., and BROOK, J., concur.

---

**2.** Notwithstanding Brown's contention, we note that this court recently rejected the argument that the statutory requirement that a factual basis be established is mandated by constitutional law. *State v. Eiland,* 707 N.E.2d 314, 317 (Ind.Ct.App. 1999). Moreover, we determined that vacation of a criminal conviction is not required when it is shown that the State failed to establish an adequate factual basis. *Id.; see also Wilson,* 707 N.E.2d at 321. Rather, a post-conviction petitioner must, in addition to proving the lack of a factual basis, also prove that he was prejudiced by the lack of a factual basis. *Id.*