William L. BRYANT, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 49A02–0109–PC–585.

Court of Appeals of Indiana.

Jan. 15, 2002.

Susan K. Carpenter, Public Defender of Indiana, Liisi Brien, Deputy State Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

William L. Bryant appeals from the denial of his petition for postconviction relief.

We reverse.

### ISSUE

Whether the habitual offender portion of Bryant's guilty plea to robbery must be reversed because his previous convictions were not in the required sequence.

### FACTS

In 1979, Bryant pleaded guilty to attempted robbery, a class C felony, and served a two-year sentence. In 1985, Bryant pleaded guilty to robbery, a class B felony, and was sentenced to a 20–year term of imprisonment. In 1986, Bryant obtained postconviction relief from the 1979 attempted robbery conviction, but he again entered a guilty plea as to that charge and received time served.

In March 1999, Bryant pleaded guilty to attempted robbery, a class C felony, and admitted that he was an habitual offender based upon the 1979 and 1985 convictions. The trial court sentenced Bryant to eight years for attempted robbery and enhanced the sentence by twelve years based upon Bryant's habitual offender status. The trial court suspended eight years of the sentence.

In October 1999, Bryant filed his pro se petition for postconviction relief. In March 2001, Bryant's counsel amended his petition and alleged that Bryant's habitual offender enhancement should be vacated because the convictions upon which the enhancement was based did not occur in the proper sequence as required by statute. The postconviction court denied Bryant's request for relief.

## DISCUSSION

■ "Indiana's postconviction rules do not afford convicted persons an opportunity for a super appeal, but instead create a narrower remedy permitting the collateral challenge of convictions under certain enumerated circumstances." *Jones v. State,* 693 N.E.2d 605, 607 (Ind. Ct.App.1998) (citing *Weatherford v. State,* 619 N.E.2d 915, 916 (Ind.1993)). A postconviction petitioner bears the burden of establishing his claims by a preponderance of the evidence. *Weatherford,* 619 N.E.2d at 917.

■ An appeal from the denial of postconviction relief constitutes an appeal from a negative judgment. *Harrison v. State,* 707 N.E.2d 767, 773 (Ind.1999). "To prevail on appeal from the denial of postconviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the postconviction court." *Weatherford,* 619 N.E.2d at 917.

■ In the postconviction setting, conclusions of law receive no deference on appeal. *Taylor v. State,* 717 N.E.2d 90, 92 (Ind.1999). As to factual matters, courts on review examine only the probative evidence and reasonable inferences that support the postconviction court's determination and do not reweigh the evidence or judge the credibility of the witnesses. *Id.*

"[C]ases involving habitual offender determinations reflect the differences between issues raised on direct appeal and issues raised in post-conviction proceedings." *Weatherford,* 619 N.E.2d at 917. "Typically, these cases have focused on the evidence demonstrating an appropriate order of events." *Id.* Courts on review consistently have required "proof showing that commission/conviction/sentence for each of the offenses occurred seriatim." *Id.* The court in *Weatherford* continued:

When reviewing habitual offender cases on direct appeal, we have regarded issues involving improper sequence or inadequate proof as "fundamental error" which warrants vacating the habitual offender adjudication. The rule in postconviction cases has been somewhat different, as befits the differing functions of direct appeal and post-conviction relief. We have considered possible defects in habitual offender proofs as "fundamental error" such that they may be raised notwithstanding failure to do so on direct appeal. Where we have granted relief, however, the evidence has demonstrated that the commission/conviction/sentencing were not in the proper order. In [*Williams v. State,* 525 N.E.2d 1238, 1241 (Ind.1988)], for example, the evidence plainly showed that Williams had committed his first offense, then committed his second offense, then been convicted for his first offense. These events were thus clearly not in the proper sequence, and we ordered the habitual offender enhancement vacated.

*Id.*

■ A petitioner challenging an habitual offender determination "may not prevail simply by putting the State to its proof as though the case were being tried or appealed in the first instance." *Brown v. State,* 712 N.E.2d 503, 505 (Ind.Ct.App. 1999). "Rather, it is the petitioner's burden to demonstrate that the various convictions did not in fact occur in the required order." *Id.*

In 1999, when Bryant pleaded guilty to attempted robbery and admitted to being an habitual offender, the portion of the habitual offender statute regarding the determination of prior unrelated felonies read:

(b) After a person has been convicted and sentenced for a felony committed

after sentencing for a prior unrelated felony conviction, the person has accumulated two (2) prior unrelated felony convictions. However, a conviction does not count for purposes of this subsection, if:

(1) it has been set aside; or

(2) it is one for which the person has been pardoned.

Ind.Code § 35–50–2–8.[1]

In pertinent part, the habitual offender information in this matter stated:

WILLIAM L. BRYANT, on or about November 12, 1998, ... had accumulated two (2) prior unrelated felony convictions in violation of I.C. 35–50–2–8, that is:

On or about October 12, 1979, in Marion County Superior Court Criminal Division I, one WILLIAM L. BRYANT was convicted of Attempt[ed] Robbery, and

On or about June 28, 1985, in Marion County Superior Court Criminal Division III, one WILLIAM L. BRYANT was convicted of Robbery....

(App. 37).

At Bryant's March 5, 1999 guilty plea and sentencing hearing, the following colloquy occurred:

**THE COURT:** Do you also understand that in order to have ... the State prove that you are a habitual offender they have to show their proof in a very particular order. They have to show that you went out and committed a crime that was a felony, that you were caught, you were convicted, you were sentenced on that felony then after that sentencing you went out and committed a second crime that was a felony. That you were caught, you were convicted and you were sentenced on that second felony and after you were sentenced on that second felony you went out and committed this offense, do you understand that?

**WILLIAM BRYANT:** Yes.

**THE COURT:** Do you understand that if they could not prove that in that particular order you could not be deemed to be a habitual offender?

**WILLIAM BRYANT:** Yes.

(Transcript 11–12).

Bryant contends his "*conviction* and *sentence* on his first underlying felony (1986) for attempted robbery did not precede the commission of his second underlying felony (1985) for robbery; therefore, [he] is not an habitual offender." Bryant's Brief at 6. At the hearing on postconviction relief, Bryant presented evidence of the timeline for the underlying offenses upon which the habitual offender determination was based. In relevant part, the document discloses:

**UNDERLYING OFFENSES USED BY THE STATE TO SUPPORT THE HABITUAL OFFENDER ENHANCEMENT:**

#1 COMMISSION: 03/03/79 Mr. Bryant committed Aempted Robbery

---

1. In 2001, the section regarding the determination of prior unrelated felonies was amended to read:

(c) A person has accumulated two (2) prior unrelated felony convictions for purposes of this section only if:

(1) the second prior unrelated felony conviction was committed after sentencing for the first prior unrelated felony conviction; and

(2) the offense for which the state seeks to have the person sentenced as a habitual offender was committed after sentencing for the second prior unrelated felony conviction.

I.C. § 35–50–2–8 as amended by Pub.Law 166–2001, Sec. 3; Pub.Law 291–2001, Sec. 226. The statute in place in 1999 is applicable.

| | | |
|---|---|---|
| CONVICTION: | 10/12/79 | The trial court accepted Mr. Bryant's 09/17/79 guilty plea to Attempted Robbery, a C felony. |
| SENTENCE: | 10/12/79 | The Trial Court sentenced [him] to two years. |
| *PCR GRANTED:* | *05/15/86* | *The Post–Conviction Court granted Mr. Bryant Post–Conviction Relief.* |
| *CONVICTION:* | *06/20/86* | *Mr. Bryant re-pled to the same agreement.* |

*(This information was NOT presented at Mr. Bryant's 1999 guilty plea or sentencing hearing.)*

| | | | |
|---|---|---|---|
| # 2 | COMMISSION: | 03/08/85 | Mr. Bryant committed Robbery, a class B felony, and Resisting Law Enforcement, a class A Misdemeanor. |
| | CONVICTION: | 06/28/85 | The trial court accepted [his] guilty plea to Robbery, a class B felony. |
| | SENTENCE: | 06/28/85 | The Trial Court sentenced Petitioner to 20 years in prison. |

(Exhibits at 6).

The evidence demonstrates that Bryant: 1) committed the first felony offense in 1979; 2) then committed, was convicted, and sentenced for his second felony offense in 1985; and 3) then was subsequently convicted and sentenced in 1986 for his 1979 felony offense because that conviction had been vacated earlier in 1986. Thus, Bryant correctly contends that the offenses are not in the correct sequence to support an habitual offender determination.

However, we must also address the effect of Bryant's guilty plea. We must consider whether he waived the error by pleading guilty and agreeing that he understood that the convictions had to be sequentially correct in order to support an habitual offender determination and enhancement.

In *Brown*, 712 N.E.2d at 505–06, this court analyzed the effect of a guilty plea with an habitual offender enhancement when a postconviction petitioner later challenges the sequence of the felonies upon which the habitual offender determination was based. The petitioner in *Brown* was denied relief because unlike others who had gained relief, he had pleaded guilty to the enhanced charge and agreed to the habitual offender determination. *Id.* at 506. Cautioning that relief in the postconviction setting is different than the relief granted on direct appeal, we noted that the petitioner admitted that he committed the two underlying felonies upon which the habitual offender determination was based. We did determine, however, that the most compelling factor in denying the petitioner relief was his failure to present any evidence that "there was anything unjust or untrue about the determination that he [was] an habitual offender." *Id.*

■ Such is not the case here. Bryant demonstrated that the underlying convictions for the habitual offender enhancement are out of sequence. Also, Bryant demonstrated that the factual basis for the habitual offender determination was erro-

neous because the fact that his 1979 conviction had been vacated was not disclosed in the information for the habitual offender enhancement or at the hearing at which he acknowledged the sequence requirements. Bryant met his burden for postconviction relief.

Reversed.

SHARPNACK, J., and BAILEY, J., concur.