# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 16 2019, 6:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Brandon J. Lunkin
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brandon J. Lunkin,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | April 16, 2019<br><br>Court of Appeals Case No.<br>18A-PC-419<br><br>Appeal from the Elkhart Circuit Court<br><br>The Honorable Michael A. Christofeno, Judge<br><br>Trial Court Cause No.<br>20C01-1301-FB-4<br>20C01-1602-PC-7 |

**Tavitas, Judge.**

## Case Summary

[1] Brandon Lunkin, pro se, appeals the post-conviction court's ("PC court") denial of his petition for post-conviction relief ("PCR"). We affirm.

## Issues

[2] Lunkin raises three issues on appeal, which we consolidate and restate as follows:

> I. Whether Lunkin received ineffective assistance of trial counsel.

> II. Whether the PC court erred in failing to grant Lunkin's motion for a continuance at the hearing on Lunkin's PCR petition.

## Facts

[3] The facts as stated in Lunkin's direct appeal are as follows:

> On January 8, 2013, the State charged Lunkin with three counts of dealing in cocaine, Class B felonies, and one count of maintaining a common nuisance, a Class D felony. On April 8, 2013, the charges were amended to include an allegation that Lunkin is an habitual offender.

> On July 8, 2013, the day Lunkin's jury trial was set to begin, Lunkin pled guilty to three counts of dealing in cocaine and admitted to being an habitual offender. The sentencing hearing was held on January 9, 2014.

> * * * * *

The trial court found a number of aggravators, including Lunkin's criminal history, four past failures to appear, five prior probation violations, and that Lunkin was on probation when he committed his offenses. The mitigators included Lunkin's statement at the hearing, statements by counsel, Lunkin's acceptance of responsibility, and his addiction issues. The trial court concluded the aggravators far outweighed the mitigators. It sentenced Lunkin to twenty years for each count of dealing in cocaine, each to be served concurrently, plus an additional twenty-four years for his habitual offender enhancement. Thus, Lunkin received an aggregate sentence of forty-four years imprisonment.

*Lunkin v. State,* No. 20A03-1401-CR-46, slip op. at 1-2 (Ind. Ct. App. Sept. 3, 2014). A panel of this court affirmed Lunkin's sentence. *See id.* at 3.

On February 22, 2016, Lunkin filed his PCR petition. Lunkin filed an amended petition on July 5, 2017. The PC court held a hearing on Lunkin's petition on August 3, 2017, at which Lunkin appeared pro se. At the hearing, Lunkin requested a continuance. Lunkin and the PC court had the following exchange:

> THE COURT: And you're prepared to go forward with that today. Is that right?
>
> [LUNKIN]: Uh, no, sir. I was, uh – I was prepared to move forward with this hearing today. But in light of a more thorough investigation of my issues and the law applicable, I would like to amend my initial petition with several issues and request that the Court, uh, postpone this proceeding so that I can.
>
> THE COURT: Well, tell me – tell me why you think you need to have this hearing postponed first. Let's start with that.

[LUNKIN]: Because it's, uh, issues. I have a couple issues, I – what I had. Like one being, . . . this issue in my amended PC, the Judge failed to advise me of my Sixth Amendment right, [] to a jury determination on the Habitual Offender. And also, . . . the counsel was, [] ineffective for failing to challenge the Habitual enhancement – enhancement based on insufficient evidence as the one conviction was insufficient to support a Habitual Offender enhan [sic] – enhancement under I.C. 35-50-2(a). Other felonies were unrelated convictions and could not count for purpose of the Habitual being the use of the underlying felony.

THE COURT: Okay.

\* \* \* \* \*

THE COURT: You're raising a lot of issues, Mr. Lunkin, that have nothing to do with your post-conviction relief hearing.

[LUNKIN]: Yeah.

THE COURT: Okay? Um, Mr. Williams, who I believe you wanted to have subpoenaed –

[LUNKIN]: Yes.

THE COURT: – is here today –

[LUNKIN]: Yes.

THE COURT: – as you requested. I don't recall, without looking up, who else you requested to have subpoenaed. I know this: I only subpoenaed witnesses that were relevant to the post-

conviction relief hearing. So when you gave me – I think you had two people you wanted to subpoena?

[LUNKIN]: Yes, sir.

THE COURT: Mr. Williams, it seemed to me, was relevant because you've alleged ineffective assistance of counsel. In fact, you've alleged Mr. Williams was ineffective. Correct?

[LUNKIN]: Yes, sir.

THE COURT: So it seems pretty obvious that he would be a witness at your post-conviction relief hearing. . . .

* * * * *

THE COURT: The Court's gonna deny your request to orally amend your petition for post-conviction. And I'm denying that, Mr. Lunkin, because you've already amended it once. You clearly knew how to do an amendment. The Court granted your amendment previously. I'm not gonna allow you to amend it the day of trial. That's not – that's not fair to Mr. Pitzer; it's not fair to the Court. You had plenty of time to do this or to request that the – that the matter be continued before you got to the hearing today, before we started the hearing.

And – and whether you realize this or not, Mr. Lunkin, the Court is very generous in granting continuances to defendants if they make the – the request in writing before the day of trial because it seems to me, I ought to err on your side on this. But when you wait 'til the day of trial, then it seems to me that – that burden of – of fairness shifts because now you want me to consider things and you want the State to respond to things that you didn't file in writing ahead of time so that we could all be

prepared. That's not fair, so I'm gonna deny [your] request to amend the petition.

Tr. pp. 3-9.

[5] At the hearing, Lunkin called only one witness, Clifford Williams, who was Lunkin's trial counsel. Williams counseled Lunkin with regard to his guilty plea.[1] After the hearing, the PC court allowed each party to submit written arguments. The PC court entered an order denying Lunkin's PCR petition on December 7, 2017. Subsequently, Lunkin filed a motion to correct error, which the PC court denied. Lunkin now appeals.

## Analysis

[6] Lunkin appeals the denial of his PCR petition. Our Supreme Court has stated:

> The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. To prevail on appeal from the denial of post-conviction relief, a petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. [Where, as here, a post-conviction court has made findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6), we] do not defer to the post-conviction court's legal conclusions[.] A post-conviction court's findings and judgment will be reversed only upon a showing of clear error – that which

_____

[1] Lunkin also had a prior trial counsel, whom Lunkin contends had to withdraw two weeks before trial due to a conflict of interest. At that point, Williams was appointed as Lunkin's trial counsel.

leaves us with a definite and firm conviction that a mistake has been made.

*Hollowell v. State,* 19 N.E.3d 263, 268-69 (Ind. 2014) (internal quotations and citations omitted). As the clearly erroneous standard "is a review for sufficiency of evidence, we neither reweigh the evidence nor determine the credibility of witnesses." *State v. Greene,* 16 N.E.3d 416, 418 (Ind. 2014). "Rather, we 'consider only the evidence that supports that judgment and the reasonable inferences to be drawn from that evidence.'" *Id.* (*quoting Ben-Yisrayl v. State,* 738 N.E.2d 253, 258-59 (Ind. 2000), *cert. denied,* 534 U.S. 1164, 122 S. Ct. 1178 (2000)).

## *A. Ineffective Assistance of Trial Counsel*

Lunkin claims he was not provided the effective assistance of trial counsel with regard to his guilty plea. To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that: (1) his or her counsel's performance was deficient, and (2) the petitioner was prejudiced by the deficient performance. *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)), *reh'g denied*, *cert. denied*, 534 U.S. 830, 122 S. Ct. 73 (2001). The failure to satisfy either prong will cause the claim to fail. *Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006). Ineffective assistance of counsel claims, thus, can be resolved by a prejudice analysis alone. *Id.*

An attorney's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms. *Woodson v. State*, 961 N.E.2d 1035, 1041 (Ind. 2012). A strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *McCullough v. State*, 973 N.E.2d 62, 74 (Ind. Ct. App. 2012), *trans. denied*. "[A] defendant must offer strong and convincing evidence to overcome this presumption." *Id.* Isolated poor strategy, inexperience, or bad tactics does not necessarily constitute ineffective assistance of counsel. *Id.*

In analyzing prejudice in the context of a guilty plea, we review such ineffective assistance of counsel claims under *Segura v. State*, 749 N.E.2d 496 (Ind. 2001). *Segura* created two categories of claims and enunciated different treatments of each respective category, depending upon whether the ineffective assistance allegation related to (1) an unutilized defense or failure to mitigate a penalty, or (2) an improper advisement of penal consequences. *Willoughby v. State*, 792 N.E.2d 560, 563 (Ind. Ct. App. 2003) (citing *Segura*, 749 N.E.2d at 507), *trans. denied*. Lunkin argues he received ineffective assistance of counsel in two respects, which resulted in his unknowing and involuntary plea.

### i. Penal Consequences

First, Lunkin argues that his trial counsel "failed to investigate the law and the facts pertaining to counts one, two, and three." Appellant's Br. p. 8. Specifically, Lunkin contends that his counsel advised him that if he went to trial and was found guilty, he would face a maximum sentence of ninety-three

years.  Lunkin argues that, instead, the maximum he faced was significantly less than ninety-three years.  Lunkin was actually sentenced to an aggregate sentence of forty-four years.  Lunkin contends that this error in advice was a result of counsel's appointment two weeks before trial, as, according to Lunkin, "Two weeks is not ample time to conduct a meaningful investigation into the charges."  Appellant's Br. p. 12.

[11]    On claims of ineffective assistance related to penal consequences, opinions of this court have concluded:

> We believe a showing of prejudice from incorrect advice as to the penal consequences is to be judged by an objective standard, i.e., there must be a showing of facts that support a reasonable probability that the hypothetical reasonable defendant would have elected to go to trial if properly advised. . . .  [A] petitioner may be entitled to relief if there is an objectively credible factual and legal basis from which it may be concluded that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."
>
> . . . [F]or claims relating to penal consequences, a petitioner must establish, by objective facts, circumstances that support the conclusion that counsel's errors in advice as to penal consequences were material to the decision to plead.  Merely alleging that the petitioner would not have pleaded is insufficient. Rather, specific facts, in addition to the petitioner's conclusory allegation, must establish an objective reasonable probability that competent representation would have caused the petitioner not to enter a plea.

*Black v. State,* 54 N.E.3d 414, 426 (Ind. Ct. App. 2016) (quoting *Segura,* 749
N.E.2d at 507) (internal citations omitted), *trans. denied.*[2]

[12]    At the outset, we disagree that counsel only having two weeks to prepare for
trial mandates a finding that counsel was ineffective.  Still, Lunkin asserts that
the two weeks necessarily points to insufficient time to investigate Lunkin's
case, and that had he not received the advice he did, Lunkin would have gone
to trial and the outcome would have been different.  Upon review of the
sentencing transcript, we note that Lunkin was at least advised by the trial court
regarding the penalty that he was facing and still chose to enter his guilty plea.
Specifically, the trial court and Lunkin had the following exchange:

> THE COURT: [The] first three counts are Class B felonies.  The
> penalty for Class B felonies are set forth at 35-50-2-5.
>
> * * * * *
>
> And, counsel, help me out here.  Is this a situation where they
> are mandatorily concurrent, the first three counts?
>
> [THE STATE]: Under Beno v. Gregory, yes, we would –
>
> THE COURT: Beno and Gregory case[] make those concurrent.
> Understand, Mr. Lunkin?

---

[2] We acknowledge that our Supreme Court's recent opinion in *Bobadilla v. State,* 117 N.E.3d 1272, 1287 (Ind.
2019) disagrees with the *Segura* standard on the prejudice prong when deportation is at issue.  Because
deportation is not at issue here, we use the *Segura* analysis.

[LUNKIN]: Yes, sir.

THE COURT: All right. Now, the next statute is the habitual. It's a very lengthy statute. Do you want me to read the entire thing?

[LUNKIN]: No, sir.

THE COURT: All right. I'm going to pick out some parts to read that apply to you:

* * * * *

All right. So in your case three times the advisory sentence is 30 years. Understood?

[LUNKIN]: Yes, sir.

THE COURT: And the fixed term can be up to 30 years. Is that your understanding?

[LUNKIN]: Yes, sir.

* * * * *

THE COURT: Do you understand that I shall determine whether the terms of prison shall be served consecutively or concurrently?

[LUNKIN]: Yes, sir.

* * * * *

> THE COURT: And, of course, the habitual would be
> consecutive.  Understood?
>
> [LUNKIN]: Yes, sir.

Guilty Plea Tr. pp. 13-18.

[13]  The evidence shows that Lunkin was properly advised of potential penal consequences by the trial court.  Lunkin made no assertion at that time that he had been misadvised by his trial counsel.  Lunkin has presented no evidence that trial counsel's performance was deficient, other than his own assertion, that he was misadvised.  At the PCR hearing, Lunkin did not himself testify and only presented arguments to the PC court.[3]  Lunkin has failed to show that trial counsel was ineffective or that Lunkin was prejudiced by alleged deficient performance.  Accordingly, Lunkin has not met his burden to prove that his trial counsel's performance was deficient.  The PC court's denial of his ineffective assistance of counsel claim is not clearly erroneous.

### ii.     Habitual Offender Status

[14]  Second, Lunkin argues he received ineffective assistance of counsel when his trial counsel "advised Lunkin to admit to the habitual offender status." Appellant's Br. p. 16.  In making this argument, Lunkin argues that the factual basis was insufficient to establish his habitual offender status.  We will not

---

[3] Lunkin was sworn in at the beginning of the PCR hearing.

address this issue independently as it is a free standing claim, and not one of two issues we will consider in a PCR petition. *See Lindsey v. State,* 888 N.E.2d 319, 325 (Ind. Ct. App. 2008).[4] We will address this argument, however, within the context of Lunkin's claim that he was given the ineffective assistance of counsel when, as he claims, he was advised to admit to his status as a habitual offender.

[15] When Lunkin pleaded guilty on July 8, 2013, the habitual offender statute in effect provided:

> (a) Except as otherwise provided in this section, the state may seek to have a person sentenced as a habitual offender for any felony by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two (2) prior unrelated felony convictions.

> (b) The state may not seek to have a person sentenced as a habitual offender for a felony offense under this section if:

>> (1) the offense is a misdemeanor that is enhanced to a felony in the same proceeding as the habitual offender

---

[4] In *Bailey v. State,* our Supreme Court addressed free standing claims and held:

> any issue set forth in a post-conviction petition must be raised within the purview of the post-conviction rules, e.g., deprivation of the Sixth Amendment right to effective assistance of counsel, or be an issue demonstrably unavailable to the petitioner at the time of his trial and direct appeal. Therefore, in a post-conviction petition an allegation of the denial of the petitioner's due process rights may not be raised in the "free-standing" form of an allegation of fundamental error.

472 N.E.2d 1260, 1263 (Ind. 1985).

proceeding solely because the person had a prior unrelated conviction;

> (2) the offense is an offense under IC 9-30-10-16 or IC 9-30-10-17; or

> (3) all of the following apply:

>> (A) The offense is an offense under IC 16-42-19 or IC 35-48-4.

>> (B) The offense is not listed in section 2(b)(4) of this chapter.

>> (C) The total number of unrelated convictions that the person has for:

>> [certain offenses[5]]

>> does not exceed one (1).

(c) A person has accumulated two (2) prior unrelated felony convictions for purposes of this section only if:

_____

[5] The certain offenses in the statute include: (i) dealing in or selling a legend drug under IC 16-42-19-27; (ii) dealing in cocaine or a narcotic drug (IC 35-48-4-1); (iii) dealing in a schedule I, II, III controlled substance (IC 35-48-4-2); (iv) dealing in a schedule IV controlled substance (IC 35-48-4-3); and (v) dealing in a schedule V controlled substance (IC 35-48-4-4). *See* Indiana Code § 35-50-2-8 (b)(3)(C).

(1) the second prior unrelated felony conviction was committed after sentencing for the first prior unrelated felony conviction; and

(2) the offense for which the state seeks to have the person sentenced as a habitual offender was committed after sentencing for the second prior unrelated felony conviction.

(d) A conviction does not count for purposes of this section as a prior unrelated felony conviction if:

(1) the conviction has been set aside;

(2) the conviction is one for which the person has been pardoned; or

(3) all of the following apply:[6]

* * * * *

(g) A person is a habitual offender if the jury (if the hearing is by jury) or the court (if the hearing is to the court alone) finds that the state has proved beyond a reasonable doubt that the person had accumulated two (2) prior unrelated felony convictions.

(h) The court shall sentence a person found to be a habitual offender to an additional fixed term that is not less than the advisory sentence for the underlying offense nor more than three (3) times the advisory sentence for the underlying offense.

---

[6] This portion of the statute is the same as Indiana Code Section 35-50-2-8(b)(3) above.  We have omitted the restated offenses in the interest of conciseness.

> However, the additional sentence may not exceed thirty (30)
> years.

Ind. Code § 35-50-2-8.

[16]     Again, we turn to the sentencing hearing, where the trial court and Lunkin

engaged in the following colloquy:

> THE COURT: All right.  We're moving to page 2 now.  Are you
> telling me, sir, that you're admitting that you're a habitual
> criminal offender?
>
> [LUNKIN]: Yes, sir.
>
> THE COURT: And that's because you have two prior unrelated
> felony convictions?
>
> [LUNKIN]: Yes, sir.
>
> THE COURT: So you committed any one of the offenses on
> page 1, that's Count I, II, or III; and before you had committed
> those offenses, you had two prior felony offenses.  Correct?
>
> [LUNKIN]: Yes, sir.
>
> THE COURT: And on the 6th day of December, 2005, in
> Elkhart County, Indiana, you committed the offense of resisting
> law enforcement, a Class D felony.  Is that correct?
>
> [LUNKIN]: Yes, sir.
>
> THE COURT: And that was in Superior Court No. 5.

[LUNKIN]: Yes, sir.

THE COURT: Cause number 20D05-0512-FD-458. Is that correct?

[LUNKIN]: Yes, sir.

THE COURT: Then sometime later on the 23rd day of October, 2007, in Elkhart County, Indiana, you committed the offense of dealing in cocaine, a felony, and you were convicted on that offense on the 29th day of May, 2008, in Elkhart Circuit Court, under cause No. 20C01-0712-FB-79.

[LUNKIN]: Yes, sir.

THE COURT: So you committed an offense, got sentenced, got convicted. Then you committed another felony offense, got convicted, got sentenced. And then you committed the offenses alleged in Counts I, II, and III. Would that be correct?

[LUNKIN]: Yes, sir.

THE COURT: So that would make you a habitual criminal offender because you accumulated two prior unrelated felony convictions. Correct?

[LUNKIN]: Yes, sir.

THE COURT: All right. Mr. Francisco, are you satisfied with the factual basis?

[THE STATE]: I am, but just to clarify. With respect to the habitual criminal offender, when one of the prior offenses if [sic]

Mr. Lunkin is in this case being convicted of the dealing and a controlled substance offense, one of the prior offenses must also be a dealing offense. We have satisfied that, so I am satisfied with the factual basis.

THE COURT: And how about you, Mr. Williams?

[WILLIAMS]: Agreed, yes.

Guilty Plea Tr. pp. 6-7.[7]

[17]     Despite this colloquy, Lunkin contends that the factual basis was not properly laid. We disagree. In *Frazier v. State*, 490 N.E.2d 315, 317 (Ind. 1986), our Supreme Court stated: "since a defendant may plead guilty to a habitual offender charge . . . the State is relieved of its burden of proof on that charge just as a plea of guilty eliminates the need to prove beyond a reasonable doubt the commission of the pending felony." (citations omitted). Because Lunkin admitted that he was a habitual offender, the State was not required to offer the same proof as it would if it were trying Lunkin before a jury on this count.

---

[7] Lunkin also admitted at the sentencing hearing that he has experience with the criminal justice system, stating:

THE COURT: Well, Mr. Lunkin, you're not exactly a stranger to the criminal justice system.

[LUNKIN]: No, sir, no, I'm not.

THE COURT: You got six felonies. You got four misdemeanors. You got four failures to appear. You got four violations of probation. You've been using cocaine since you were 16 years old, and you've been using marijuana since 15 years old. So it's not that you're a complete stranger. I'm not going to buy that.

Sent. Tr. p. 25.

[18]     Regardless, Lunkin has not presented any evidence that the habitual offender status is incorrect or that the information set forth by the trial court during the factual basis portion of Lunkin's habitual offender status was incorrect. *See Weatherford v. State,* 619, N.E.2d 915, 917-18 (Ind. 1993) ("Because Weatherford is before us on post-conviction relief, however, he may not prevail simply by putting the State to its proof as though the case were being tried or appealed in the first instance. Instead, Weatherford must demonstrate that he was not an habitual offender under the laws of the State."); *see also Brown v. State,* 712 N.E.2d 503, 506 (Ind. Ct. App. 1999) ("Even more compelling, we note that Brown has failed to set forth any evidence demonstrating that there was anything unjust or untrue about the determination that he is an habitual offender. Specifically, Brown has not favored this court with any allegation indicating that the prior convictions on which his habitual offender status was based, were out of sequence."), *trans. denied.* Lunkin has not met his burden with regard to his admission as a habitual offender.

[19]     Lunkin has failed to show that trial counsel rendered ineffective assistance with regard to Lunkin's habitual offender status admission or that Lunkin was prejudiced by the alleged deficient performance. For the foregoing reasons, we find that Lunkin has not met his burden to prove he was rendered ineffective assistance of trial counsel. Accordingly, the trial court's denial of Lunkin's PCR petition is not clearly erroneous.

## B. Failure to Continue Lunkin's Hearing

[20] Lunkin next argues that it was error for the trial court to fail to continue the hearing on Lunkin's PCR petition after it learned that Lunkin's trial counsel only received the subpoena to testify that morning. Lunkin contends trial counsel was unable to answer Lunkin's questions, which "render[ed] his testimony meaningless and render[ed] the compulsory process of no effect." Appellant's Br. p. 22. According to Lunkin, this means that, "in all fairness to Lunkin, the court should have continued the hearing on its own motion to allow counsel adequate time to prepare for the hearing." *Id.* at 19.

[21] Lunkin argues that it was problematic for Williams to appear without the relevant information at the PCR hearing, despite being "subpoenaed . . . months prior to the hearing." *Id.* at 14. The CCS indicates that Lunkin filed the subpoena for Williams on July 24, 2017.[8] The PC court issued the subpoena on July 31, 2017, and the subpoena was sent to the sheriff for service that day. The CCS then indicates that, on August 3, 2017, the same day as the PCR hearing, the sheriff left the subpoena for Williams with the secretary at the public defender's office.

[22] Lunkin's argument that the PC court should have sua sponte ordered a continuance fails. It is noteworthy that Lunkin himself did not move for a

---

[8] Lunkin filed two other versions of the subpoenas, once on March 17, 2017, and once on July 5, 2017, which were both rejected by the PC court due to either failure of Lunkin to provide the appropriate forms for the subpoenas or failure of Lunkin to comply with the Indiana Trial Rules in his filing.

continuance after he realized that Williams was unable to testify as to specifics of his case. Lunkin did move for a continuance at the beginning of the PCR hearing; however, Lunkin indicated that his request was made in order to amend his petition and add issues, which the PC court denied.

[23] To the extent Lunkin argues that he was entitled to a continuance because trial counsel wasn't prepared for the PCR hearing, this argument is waived because it was raised for the first time on appeal. *See Plank v. Community Hospitals of Indiana, Inc.,* 981 N.E.2d 49, 53 (Ind. 2013) ("Declining to review an issue not properly preserved for review is essentially a cardinal principal of sound judicial administration.") (internal citations omitted). Lunkin did not make a motion to continue the PCR hearing after realizing that counsel was unprepared. Lunkin is not entitled to relief because the PC court did not suggest or offer a motion on Lunkin's behalf. *See Evans v. State,* 809 N.E.2d 338, 344 (Ind. Ct. App. 2004) ("the courts of this State have never held that a trial court is required to guide pro se litigants through the judicial system. We decline Evans's invitation to impose a duty upon courts to assist and advise pro se litigants in the presentation of their case"), *trans. denied.* Accordingly, we find that the trial court did not err in failing to order, sua sponte, a continuance.

[24] To the extent Lunkin is arguing it was error for the PC court to deny his first motion for continuance, we disagree. We review the denial of a motion for continuance for an abuse of discretion. *See J.P. v. G.M.,* 14 N.E.3d 786, 790 (Ind. Ct. App. 2014) (citing *Ungar v. Sarafite,* 376 U.S. 575, 589-90, 84 S. Ct. 841, 849-50 (1964) ("The matter of continuance is traditionally within the

discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel.")). The PC court declined to grant Lunkin's continuance for Lunkin to amend his appeal because Lunkin had already done so once and Lunkin waited until the morning of his PCR hearing before requesting a continuance. We cannot find under these circumstances that there was an abuse of discretion.

## Conclusion

[25] Based on the foregoing, we conclude that Lunkin did not receive ineffective assistance of trial counsel. The PC court also did not err by failing to continue the PCR hearing. Accordingly, we affirm.

[26] Affirmed.

Baker, J., and May, J., concur.