

FILED

May 01 2023, 8:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT, PRO SE

Ty Evans
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Jesse R. Drum
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

Ty Evans,

*Appellant-Petitioner*

v.

State of Indiana,

*Appellee-Respondent.*

May 1, 2023

Court of Appeals Case No.
22A-PC-220

Appeal from the Marion Superior
Court

The Honorable James K. Snyder,
Magistrate

Trial Court Cause No.
49D28-2010-PC-31796

**Opinion by Judge Pyle**

Judges Robb and Weissmann concur.

**Pyle, Judge.**

## Statement of the Case

It is axiomatic that an habitual offender adjudication must be based on proof that a defendant has accumulated two prior unrelated felony convictions, meaning that the commission, conviction, and sentencing on the first felony preceded the commission, conviction, and sentence on the second felony. A post-conviction petitioner who challenges his habitual offender determination must demonstrate that he was not an habitual offender under the habitual offender statute and that his various convictions did not in fact occur in the required order.

Ty Evans ("Evans"), pro se, appeals the post-conviction court's denial of his successive petition for post-conviction relief. Evans argues that the post-conviction court erred by denying him post-conviction relief on his motion to withdraw his guilty plea to the habitual offender allegation pursuant to INDIANA CODE § 35-35-1-4(c). Specifically, he argues that he was entitled to post-conviction relief because the dates of the two felony convictions underlying his habitual offender adjudication were not in the proper sequence as required by the habitual offender statute, INDIANA CODE § 35-50-2-8. The post-conviction court denied relief on Evans' successive post-conviction petition, finding that Evans had not pleaded guilty. The post-conviction court also concluded that Evans had not otherwise shown that he was entitled to post-conviction relief because he had failed to show that there was an improper sequencing on the two predicate felonies underlying his habitual offender

adjudication. Concluding that the post-conviction court erred by denying post-conviction relief to Evans, we reverse the post-conviction court's judgment.

We reverse and remand.

## Issue

> Whether the post-conviction court erred by denying relief to Evans on his successive post-conviction petition.

## Facts

The detailed facts of Evans' underlying offenses can be read in this Court's October 2006 opinion from Evans' direct appeal. *See Evans v. State*, 855 N.E.2d 378, 381-83 (Ind. Ct. App. 2006), *reh'g denied*, *trans. denied*.

In May 2005, the State charged Evans with Class A felony attempted murder, Class B felony aggravated battery, Class B felony criminal confinement, and Class A misdemeanor resisting law enforcement. The State also alleged that Evans was an habitual offender, which was based on the allegations that Evans had two prior unrelated felony convictions. Specifically, the State alleged that Evans had underlying convictions for a 1995 federal conviction for uttering a counterfeit obligation as well as a 1999 Kentucky conviction for escape.[1] The

---

[1] Initially, in the habitual offender allegation, the State also alleged that Evans had three other underlying convictions for a 1980 Illinois burglary conviction and 1983 Florida convictions for burglary and uttering a forged check. The State withdrew the use of those three convictions prior to the habitual offender proceeding.

trial court held a three-day jury trial in December 2005, and the jury found Evans guilty as charged.

[6] The trial court then removed the jury from the courtroom for a recess before the habitual offender phase of the proceeding. For the habitual offender proceeding, the State had two exhibits containing court documents relating to the two prior felony convictions contained in the habitual offender allegation. Specifically, Exhibit 52 contained documents relating to Evans' 1995 federal conviction for uttering a counterfeit obligation, and Exhibit 51 contained court documents relating to his 1999 Kentucky escape conviction. Exhibit 51 included a certified copy of the following documents that had been filed in Evans' Kentucky cause, Cause 98CR595: (1) the grand jury indictment; (2) a uniform citation; (3) a waiver of further proceedings and guilty plea; and (4) a judgment order on the guilty plea and final sentencing. The grand jury indictment, which does not contain a file stamp but is dated June 1, 1998 ("the 1998 Kentucky indictment"), contains a charge of escape and alleges that Evans had committed the escape offense on November 14, 1997.[2] The waiver of further proceedings and guilty plea document indicates that Evans pled "guilty as charged in [the escape count] of the indictment[.]" (DA Ex. Vol. 2 at 45) (modified from all upper case to lower case letters). The judgment order

---

[2] The grand jury indictment also contains a second charge alleging Evans to be a persistent felony offender.

provides that Evans pled guilty to escape and was sentenced on March 26, 1999.

[7] As Evans was being fingerprinted and the parties were reviewing the preliminary habitual offender instructions, Evans' counsel informed the trial court that he would like to question Evans under oath. The trial court swore Evans in, and Evans then stated that he wanted to admit to the two prior felony convictions set forth in the habitual offender allegation. The State pointed out that Evans needed to waive his jury trial right, and the State then questioned Evans to establish the waiver of that right. The State also asked Evans if he was "willing to admit to the Court that [he] ha[d] these two prior convictions and that [he was], in fact, a[n] habitual offender[,]" and Evans responded, "That's correct." (DA Tr. Vol. 4 at 208). Thereafter, the trial court asked Evans if he was "admitting" that he was the "one in the same Ty Evans" that had the 1995 federal conviction for uttering a counterfeit obligation and the 1999 Kentucky escape conviction, and Evans responded, "That's correct." (DA Tr. Vol. 4 at 208, 209). The trial court stated that it was "satisfied" and instructed the State that it "want[ed] [the State] to still offer [its] exhibits." (DA Tr. Vol. 4 at 208, 209). The trial court admitted Exhibits 51 and 52 without objection. Then, the trial court pronounced the adjudication as follows: "At this time, Mr. Evans having admitted that he is one in the same Ty Evans who has the two prior felony convictions that are charged in the habitual offender . . . amended information, the Court is at this time going to adjudicate the defendant a[n] habitual offender." (DA Tr. Vol. 4 at 211-12).

[8] The trial court then brought the jury back into the courtroom. The trial court informed the jury that the State had filed an habitual offender allegation against Evans and that he had been "entitled to have the jury hear whether or not he was, in fact, a[n] habitual offender, that being that he had at least two prior unrelated felony convictions." (DA Tr. Vol. 4 at 214). The trial court then told the jury that, "rather than have the jury hear that, Mr. Evans [had] admit[ted] that he was one in the same Ty Evans that ha[d] the habitual offender[,] [s]o the Court was able to do the habitual offender adjudication without [the jury's] services." (DA Tr. Vol. 4 at 215).

[9] When sentencing Evans, the trial court merged Evans' Class B felony aggravated battery and Class B felony criminal confinement convictions into his Class A felony attempted murder conviction due to double jeopardy concerns. The trial court imposed a forty (40) year sentence for Evans' Class A felony attempted murder conviction and enhanced it by thirty (30) years for his habitual offender adjudication. The trial court also imposed a one (1) year sentence for Evans' resisting law enforcement conviction and ordered it to be served consecutively to his attempted murder conviction, resulting in an aggregate sentence of seventy-one (71) years.

[10] Evans then filed a direct appeal and argued that the prosecutor had committed prosecutorial misconduct during closing argument and that the trial court had abused its discretion by denying his motions for mistrial and to continue the sentencing hearing. In the Appellant's Appendix submitted as part of Evans' direct appeal, the chronological case summary indicates that the disposition on

Evans' habitual offender allegation was entered via a "GP" and that the trial court "f[ound] that [Evans] admit[ted] his [g]uilt" during the habitual offender proceeding. (DA App. Vol. 1 at 11, 37). In the recitation of facts in our opinion in Evans' direct appeal, a panel of this Court stated that "Evans admitted to being a[n] habitual offender." *Evans*, 855 N.E.2d at 383.[3] Our Court affirmed Evans' convictions and sentence. *See Evans*, 855 N.E.2d at 380-88.

[11] Thereafter, Evans filed a petition for post-conviction relief. He raised two claims: (1) a challenge to the version of an audio recording that the State had played at trial; and (2) ineffective assistance of trial counsel. The post-conviction court, after determining that Evans could not raise a freestanding claim of error and that he had failed to meet his burden of showing that he had received ineffective assistance of counsel, denied Evans' petition for post-conviction relief. On appeal, this Court affirmed the post-conviction court's judgment. *See Evans v. State*, No 49A04-1112-PC-697 (Ind. Ct. App. Aug. 8, 2012), *trans. denied*.

[12] On September 9, 2020, Evans filed, with this Court, a petition seeking permission to file a successive petition for post-conviction relief. *See Docket, Evans v. State*, 20A-SP-1719 (Petition for Permission to File Successive Petition for Post-Conviction Relief). In his petition, Evans alleged that although he had

---

[3] We recognize that, on appeal, there was no issue or challenge to whether Evans had admitted to the habitual offender allegation.

pled guilty to the habitual offender allegation, he did not qualify for the habitual offender enhancement under INDIANA CODE § 35-50-2-8 because the two underlying offenses were not in the proper chronological order. He stated that he sought to file a successive post-conviction petition so he could move to withdraw his guilty plea under INDIANA CODE § 35-35-1-4(c)[4] because the dates of the two felony convictions underlying his habitual offender adjudication were not in the proper sequence as required by INDIANA CODE § 35-50-2-8. Evans alleged that the commission of the Kentucky escape offense had occurred in 1994, which was before the 1995 commission of the federal uttering a counterfeit obligation offense, but that he had been convicted and sentenced on the Kentucky escape offense in 1999, which was after his 1995 conviction and sentence on his federal uttering a counterfeit obligation offense. Evans attached

---

[4] INDIANA CODE § 35-35-1-4(c) provides as follows:

> (c) After being sentenced following a plea of guilty, or guilty but mentally ill at the time of the crime, the convicted person may not as a matter of right withdraw the plea. However, upon motion of the convicted person, the court shall vacate the judgment and allow the withdrawal whenever the convicted person proves that withdrawal is necessary to correct a manifest injustice. A motion to vacate judgment and withdraw the plea made under this subsection shall be treated by the court as a petition for postconviction relief under the Indiana Rules of Procedure for Postconviction Remedies. For purposes of this section, withdrawal of the plea is necessary to correct a manifest injustice whenever:
>
> > (1) the convicted person was denied the effective assistance of counsel;
> >
> > (2) the plea was not entered or ratified by the convicted person;
> >
> > (3) the plea was not knowingly and voluntarily made;
> >
> > (4) the prosecuting attorney failed to abide by the terms of a plea agreement; or
> >
> > (5) the plea and judgment of conviction are void or voidable for any other reason.
>
> The motion to vacate the judgment and withdraw the plea need not allege, and it need not be proved, that the convicted person is innocent of the crime charged or that he has a valid defense.

IND. CODE § 35-35-1-4(c).

a certified copy of an order that had been filed in his Kentucky escape cause on June 29, 1998 ("the June 1998 order"). Specifically, the June 1998 order amended the 1998 Kentucky indictment to correct a scrivener's error and provided that the escape offense had occurred on or about November 7, 1994. As previously noted, the original grand jury indictment, which was dated June 1, 1998, had provided that the Kentucky escape offense had occurred on November 14, 1997. Thereafter, on September 25, 2020, our Court determined that Evans had "established a reasonable probability that he is entitled to post-conviction relief" and authorized Evans to file a successive petition for post-conviction relief. *See Docket*, *Evans v. State*, 20A-SP-1719 (Sept. 25, 2020 Order).

[13] In October 2020, Evans filed a pro se successive petition for post-conviction relief in which he sought to withdraw his guilty plea under INDIANA CODE § 35-35-1-4(c). The case proceeded by affidavit.

[14] In May 2021, Evans filed a motion to obtain certified copies of his guilty plea hearing, sentencing hearing, and exhibits at trial. The post-conviction court granted Evans' motion and indicated that it would arrange for the transfer of Evans' direct appeal record for use in the post-conviction proceeding by affidavit.

[15] In June 2021, Evans filed an affidavit in which he averred that at the time that he had admitted to being an habitual offender, the trial court had not informed him that the commission dates of the underlying habitual offender offenses were relevant. He also averred that, in February 2014, after he had worked on

a habeas corpus petition, he had obtained a copy of the June 1998 order amending the 1998 Kentucky indictment and that the order showed that the commission date of his Kentucky escape offense was 1994 and not 1997. Additionally, Evans averred that he had researched how to present his habitual offender issue to the trial court and that, in 2019, discovered that he could raise the issue via a motion to withdraw his guilty plea as a successive petition for post-conviction relief. Evans also filed exhibits to support his post-conviction petition. Specifically, Evans filed a certified copy of the June 1998 order amending the 1998 Kentucky indictment to correct the commission date of the escape offense contained in that indictment to the commission date of November 7, 1994. He also filed a certified copy of the sentencing order from his Kentucky escape cause, which showed that he had pleaded guilty to escape and had been sentenced in 1999. Additionally, Evans filed a copy of the docket from his 1995 federal uttering a counterfeit obligation cause and portions of the transcript from his habitual offender proceeding and his sentencing hearing in this current cause.

[16] In October 2021, the State filed an affidavit from a paralegal who worked in the Marion County Prosecutor's Office ("the paralegal's affidavit"). In the affidavit, the paralegal averred as follows:

> 1. I am employed by the Marion County Prosecutor's Office as a paralegal for the Post-Conviction Relief Unit. One of my duties is to retrieve court files for previous convictions. I was instructed to try to locate and obtain copies of the court file from Kentucky with case number 98-CR-595.

2. I requested a copy of the case file on January 14, 2021 via email per instruction from the Fayette County Clerk in Kentucky.

3. I received a copy of the case file at the end of May 2021. Due to office closure during COVID-19, the exact date of reception is unknown.

4. The Deputy Prosecutor on the case requested that I specifically try and locate the transcript for the guilty plea hearing that was on March 26, 1999.

(App. Vol. 4 at 3). Attached to the paralegal's affidavit was a Kentucky case file for cause 98-CR-595 ("the Kentucky case file"), which included over 180 pages of pleadings and orders. The Kentucky case file did not contain a certification from the Kentucky trial court. Nor did it contain a transcript from Evans' March 26, 1999 guilty plea hearing. Additionally, the Kentucky case file did not contain a chronological case summary or the June 1998 order amending the 1998 Kentucky indictment. In some of the documents in the Kentucky case file, the commission date of Evans' Kentucky escape offense was listed as either 1997 or 1998.[5]

In November 2021, Evans filed an objection to and a motion to strike the State's submission of the Kentucky case file. Evans argued that the post-

---

[5] For example, in a June 1999 pro se motion to correct sentence, Evans referred to the date of commission of his Kentucky escape offense as November 14, 1997; in a September 2002 motion filed by Evans' attorney, his counsel referred to the date of commission of the Kentucky escape offense as November 14, 1997; in an October 2002 order, the trial court referred to Evans escaping from a Kentucky detention center in 1997; and in a December 2012 pro se motion and a January 2013 pro se stipulation to a probation violation, Evans referred to his escape as occurring in 1998. These pleadings and order all pre-date the February 2014 date on which Evans avers that he had become aware of and had obtained the June 1998 order.

conviction court should strike the State's evidence because "there [wa]s no certification of authenticity as required by Ind. Code § 34-39-4-3."[6] (App. Vol. 6 at 11). Specifically, Evans alleged that the Kentucky case file had "no certification . . . from any Kentucky judge, clerk, or other custodian of records and was "an incomplete compilation" of records. (App. Vol. 6 at 12). Evans further argued that the paralegal's affidavit was not a valid substitute for the certification by a Kentucky records custodian. Evans also alleged that the Kentucky court records attached to the paralegal's affidavit were "an incomplete compilation of all the records retained by Kentucky authorities on Case No 98-CR-595" and consisted mainly of post-conviction filings. (App. Vol. 6 at 12). Additionally, Evans argued that the State's evidence did not comply with Trial Rule 44 or Indiana Evidence Rule 902.

---

[6] INDIANA CODE § 34-39-4-3 provides as follows:

(a) The records and judicial proceedings of the several courts of record of or within the United States or the territories of the United States shall be admitted in Indiana courts as evidence when authenticated by attestation or certificate of the clerk or prothonotary, with the seal of the court annexed, together with the seal of the chief justice or one (1) or more of the judges, or the presiding magistrate of the court, that:

(1) the person who signed the attestation or certificate was, at the time of subscribing it, the clerk or prothonotary of the court; and

(2) the attestation is in due form of law.

(b) Records and judicial proceedings that have been authenticated as described in subsection (a) shall have full faith and credit given to them in any court in Indiana as by law or usage they have in the courts in which they originated.

[18] Thereafter, the parties submitted proposed findings of fact and conclusions of law. The post-conviction court did not rule on Evans' objection and motion to strike the State's submission of the Kentucky case file.

[19] In January 2022, the post-conviction court issued an order denying Evans' successive petition for post-conviction relief. The post-conviction court adopted verbatim the State's proposed findings and conclusions, including the State's typographical errors in numbering. The post-conviction court also stamped the name of the magistrate on the signature line, which listed the title of "Judge" under the signature line. (App. Vol. 2 at 21).

[20] In its order denying relief, the trial court found that the State had submitted the paralegal's affidavit and "a certified copy of the complete file maintained by the Fayette County Clerk for 98CR595." (App. Vol. 2 at 15). When ruling on Evans' post-conviction claim that he should be allowed to withdraw his guilty plea under INDIANA CODE § 35-35-1-4(c) because the dates of the two felony convictions underlying his habitual offender adjudication were not in the proper sequence as required by INDIANA CODE § 35-50-2-8, the post-conviction court stated that it had "reache[d] the inevitable and somewhat obvious conclusion that Evans simply did not plead guilty" and that Evans' motion to withdraw his guilty plea was therefore "improper and unavailable[.]" (App. Vol. 2 at 17).

[21] The post-conviction court then proceeded to address the merits of Evans' claim that his habitual offender adjudication was not valid because it was not in the proper sequence as required by INDIANA CODE § 35-50-2-8. The post-

conviction court first discussed the preponderance of the evidence standard of review and then stated that "the standard is necessarily imprecise and dependent on the circumstances of a particular case, so that in some cases a proponent's evidence must overcome opposing presumptions as well as opposing evidence which is to say that that [sic] more persuasive evidence may be required in some cases than in others." (App. Vol. 2 at 18). The post-conviction court stated that "[i]n evaluating [Evans'] issue, the Court ha[d] reviewed the transcript of the original trial, Evans's PCR Exhibit A [the June 1998 order], Evans's PCR Exhibit D [Evans' affidavit] and the State's PCR Exhibits." (App. Vol. 2 at 18). The post-conviction court expressed "strong reservations about Evans's PCR evidentiary submissions," most notably Evans' submission of Exhibit A, which was the certified copy of the June 1998 order. (App. Vol. 2 at 18). Specifically, the post-conviction court noted that "[i]n his PCR submission, Evans submitted Exhibit A, which purports to be an 'Amended Indictment' for 98CR595, which shows the date of commission of the escape as November 7, 1994. Evan's [sic] only explanation for the source of the document is that he 'obtained' it in 2014." (App. Vol. 2 at 18-19). The post-conviction court commented that the June 1998 order had not been contained in the Kentucky case file submitted by the State and also noted that some of the documents in the Kentucky case file had listed the commission date of Evans' Kentucky escape offense as either 1997 or 1998. The post-conviction court stated that it would "not speculate as to the provenance of the purported 'Amended Indictment' submitted as Petitioner's PCR exhibit A," and ultimately concluded, "based upon [the court's] review of the entirety of the

PCR evidence, that Ty Evans failed to establish his case by a preponderance of the evidence." (App. Vol. 2 at 20).

[22] Evans now appeals.

## Decision

[23] Evans argues that the post-conviction court erred by denying him relief on his successive post-conviction petition. At the outset, we note that Evans has chosen to proceed pro se. It is well settled that pro se litigants are held to the same legal standards as licensed attorneys. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. Thus, pro se litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so. *Id.*

[24] "In post-conviction proceedings, the petitioner bears the burden of establishing his claims by a preponderance of the evidence." *Isom v. State*, 170 N.E.3d 623, 632 (Ind. 2021), *reh'g denied*. "Where, as here, the petitioner is appealing from a negative judgment denying post-conviction relief, he must establish that the evidence, as a whole, unmistakably and unerringly points to a conclusion contrary to the post-conviction court's decision. *Id.* (cleaned up). "We review the post-conviction court's factual findings under a 'clearly erroneous' standard but do not defer to the post-conviction court's legal conclusions." *Stephenson v. State*, 864 N.E.2d 1022, 1028 (Ind. 2007), *reh'g denied*, *cert. denied*.

[25] Our Court granted Evans permission to file a successive petition for post-conviction relief so that he could raise a claim to withdraw his guilty plea under

INDIANA CODE § 35-35-1-4(c) based on his argument that the dates of the two felony convictions underlying his habitual offender adjudication were not in the proper sequence as required by INDIANA CODE § 35-50-2-8. The post-conviction court denied post-conviction relief to Evans based on its conclusion that Evans had not admitted or pled guilty to the habitual offender allegation.

[26] We need not, however, delve into the post-conviction court's determination about whether Evans had admitted to the habitual offender allegation because "[w]e have considered possible defects in habitual offender proofs as 'fundamental error' such that they may be raised [in a post-conviction proceeding] notwithstanding failure to do so on direct appeal." *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind. 1993), *reh'g denied*. *See also Williams v. State*, 525 N.E.2d 1238, 1241 n. 1 (Ind. 1988) ("Where the record of the habitual offender proceeding clearly shows inadequate proof with regard to the chronological sequence of the underlying felonies, however, we consider such error to be fundamental."), *reh'g denied*.

[27] Here, the heart of this appeal and Evans' post-conviction argument is that he did not qualify for the habitual offender enhancement under INDIANA CODE § 35-50-2-8 because the two underlying or predicate offenses were not in the proper chronological order. Thus, we will focus on that issue.

[28] "In an habitual offender proceeding, the State must prove that the defendant was convicted and sentenced for two prior unrelated felonies[,] . . . [and] [t]he State must prove that the commission, conviction and sentencing on the first

felony preceded the commission of the second felony." *Williams*, 525 N.E.2d at 1241. *See also* Ind. Code § 35-50-2-8.[7] Proof that "commission/conviction/sentence for each of the offenses occurred seriatim" is required. *Weatherford*, 619 N.E.2d at 917.

[29] "A [post-conviction] petitioner challenging an habitual offender determination may not prevail simply by putting the State to its proof as though the case were being tried or appealed in the first instance[;]" instead, "it is the petitioner's burden to demonstrate that the various convictions did not in fact occur in the required order." *Bryant v. State*, 760 N.E.2d 1141, 1143 (Ind. Ct. App. 2002). Thus, Evans was required to "demonstrate that he was not an habitual offender under the laws of the state" and that his "various convictions did not in fact occur in the required order." *See Weatherford*, 619 N.E.2d at 918. Our Courts will grant relief where "the evidence has demonstrated that the commission/conviction/sentencing were not in the proper order." *See id.* at 917.

[30] Here, in support of Evans' assertion that the predicate offenses underlying his habitual offender adjudication were not in the required statutory order, he had

---

7 In 2005, when Evans committed the offenses charged in his underlying criminal case, the habitual offender statute, INDIANA CODE § 35-50-2-8(a), provided that the State could seek to have a person sentenced as an habitual offender if the person had accumulated two prior unrelated felony convictions. As set forth by INDIANA CODE § 35-50-2-8(a) (2005), a person accumulated two prior unrelated felony convictions if: "(1) the second prior unrelated felony conviction was committed after sentencing for the first prior unrelated felony conviction; and (2) the offense for which the state seeks to have the person sentenced as a habitual offender was committed after sentencing for the second prior unrelated felony conviction." (Format altered).

the post-conviction court consider his direct appeal record, and he submitted an affidavit and various documents. Most notably, Evans submitted a certified copy of the June 1998 order amending the 1998 Kentucky indictment to correct the commission date of the escape offense contained in that indictment, which originally listed the commission date as November 14, 1997, to the commission date of November 7, 1994. As this June 1998 order was certified by the Kentucky court, it was entitled to full faith and credit.

[31] The Full Faith and Credit Clause of the U.S. Constitution requires that "[f]ull Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art. IV, § 1. "Full faith and credit means that the judgment of a state court should have the same credit, validity, and effect, in every other court of the United States, which it had in the state where it was pronounced." *Gardner v. Pierce*, 838 N.E.2d 546, 550 (Ind. Ct. App. 2005) (cleaned up). "Indiana has codified this notion at Indiana Code section 34-39-4-3, which establishes that records and judicial proceedings from courts in other states 'shall have full faith and credit given to them in any court in Indiana as by law or usage they have in the courts in which they originated.'" *Id.* "Full faith and credit commands deference to the judgments of foreign courts, and the judgment of a sister state, regular and complete upon its face, is prima facie valid." *Id.* (cleaned up).

[32] The post-conviction court, however, disregarded the June 1998 order, expressing "strong reservations about Evans's PCR evidentiary submissions," most notably Evans' submission of the June 1998 order. (App. Vol. 2 at 18).

The post-conviction court commented that the June 1998 order had not been contained in the Kentucky case file submitted by the State and stated that it would "not speculate as to the provenance of the purported 'Amended Indictment' submitted as Petitioner's PCR exhibit A[.]" (App. Vol. 2 at 20).

[33] It is unclear how or why the June 1998 order was not contained in the State's submission of the Kentucky case file. As previously mentioned, the Kentucky case file also did not include a chronological case summary. Nor is it clear how or why the June 1998 order was not included in the State's Exhibit 51 that it introduced during the habitual offender proceeding in 2005. Nonetheless, the June 1998 order submitted by Evans in this post-conviction proceeding contains a certification from the Kentucky clerk of court to "certify" that the "order amending indictment filed June 29, 1998 in the case of 98-CR-595, Commonwealth vs. Evans, Ty[,]" was a "full, true and correct copy[.]" (App. Vol. 3 at 8) (modified from all upper case to lower case letters).

[34] The June 1998 order indicates that the commission date of Evans' Kentucky escape offense occurred on November 7, 1994, which was prior to the commission of Evans' 1995 federal conviction for uttering a counterfeit obligation. However, Evans was convicted and sentenced on his 1995 federal conviction prior to being convicted and sentenced on his Kentucky escape offense. In other words, the post-conviction evidence submitted by Evans shows that he: committed the Kentucky escape offense in 1994; committed and was convicted and sentenced in 1995 for the federal uttering a counterfeit

obligation offense; and was convicted and sentenced in 1999 for the Kentucky escape offense.

[35] Because Evans demonstrated that he was not an habitual offender under the laws of the state and that his two convictions did not in fact occur in the required order, we reverse the post-conviction court's denial of relief to Evans and remand to the court with instructions to issue an amended abstract of judgment consistent with this opinion. *See, e.g.*, *Williams*, 525 N.E.2d at 1241 (reversing an habitual offender determination where "the prior convictions clearly did not occur within the requisite statutory sequence"); *Bryant*, 760 N.E.2d at 1145-46 (reversing an habitual offender adjudication where the petitioner had met his post-conviction burden by demonstrating that "the factual basis for the habitual offender determination was erroneous" and had therefore shown that "the underlying convictions for the habitual offender enhancement [we]re out of sequence").

[36] Reversed and remanded.

Robb, J., and Weissmann, J., concur.